FIRST CHURCH OF THE NAZARINE; THE FIRST BAPTIST CHURCH
*v.* JOHN W. WEAVER, MAYOR, CITY OF ELKHART, INDIANA;
L. LAMAR OTT, PRESIDENT OF THE COMMON COUNCIL
OF THE CITY OF ELKHART, INDIANA; AND
CCG ASSOCIATES.

[No. 172A59. Filed November 21, 1972.]

*John D. Ulmer, George E. Buckingham,* and *Yoder, Ainlay, Ulmer & Buckingham,* of Goshen, for appellants.

*A. J. Spahn, Victor Arko, Bontrager, Spahn, Atwater & Arko,* of Elkhart, for appellee CCG Associates. *Eward C. Stuart,* of Elkhart, for appellees John W. Weaver, Mayor City of Elkhart, Ind., and L. LaMarr Ott, President of Common Council of City of Elkhart, Ind.

HOFFMAN, C.J.—In this opinion two appeals, each involving the same parties and subject-matter and presenting the same issues for our determination, have been consolidated. One of these appeals, Cause No. 172A59, is from the dismissal by the Elkhart Circuit Court, Wilmer L. McLaughlin, Special Judge, of a petition for a writ of certiorari. The other appeal, Cause No. 572A241, is a negative decision of the Elkhart Circuit Court, Gene B. Lee, Special Judge, on a complaint for

a declaratory judgment and injunctive relief. The crucial issue here presented is whether the Common Council of the City of Elkhart may amend the Zoning Ordinance of the City of Elkhart, Indiana, so as to grant a special use for the purpose of constructing and operating a theater in a B-1 zone.

The facts pertinent to this appeal may be summarized from the facts stipulated to by the parties as follows:

CCG Associates filed an application for the adoption of a Special Use Ordinance amending the zoning ordinance for the City of Elkhart for the purpose of constructing and operating an indoor theater on certain real property owned by them. The real property in question was located in the City and County of Elkhart, Indiana, and was classified as B-1 (Business District, limited retail) in the zoning ordinance.

On October 5, 1970, after published notice as provided by law, the Plan Commission of the City of Elkhart, Indiana, held a public hearing on the application, at which time plaintiffs-appellants appeared in opposition to the granting thereof. The Plan Commission of the City of Elkhart, Indiana, adopted a resolution recommending approval of the application and written notification of such recommendation was given to the Common Council of the City of Elkhart, Indiana.

On November 2, 1970, the City of Elkhart, Indiana, by and through the Common Council of the City of Elkhart, adopted a Special Use Ordinance, amending the zoning ordinance of the City of Elkhart, Indiana, and granting to the CCG Associates a special use for the purpose of constructing and operating an indoor theater in a B-1 zone. The amending ordinance, identified as Ordinance No. 2455, was duly advertised and the form of Ordinance No. 2455 was in all respects in accordance with the governing law.

On November 30, 1970, the petitioners, The First Church of the Nazarene and The First Baptist Church (Churches) filed their petition for writ of certiorari in the Elkhart Circuit Court to review the decision of the Common Council of the City of Elkhart, Indiana. Upon motion of the respondents,

the appellees herein, the trial court dismissed the cause of action. Following the overruling of their motion to correct errors, the Churches appealed.

On July 2, 1971, the Churches filed their complaint for declaratory judgment and injunction in the Elkhart Circuit Court praying that Ordinance No. 2455 be declared invalid, that Section 7 of the Zoning Ordinance of the City of Elkhart be declared invalid and that CCG Associates be enjoined from exercising any rights conferred by the granting of the special use. Trial was to the court without the intervention of a jury. The court found for the defendants and entered judgment that the plaintiffs take nothing by their complaint. Following the overruling of their motion to correct errors, the Churches appealed.

For the purpose of review by this court, both appeals have been consolidated in this appeal, and appellants have argued two issues. 1) whether the action of the Common Council of the City of Elkhart in granting a special use to CCG Associates for the construction of an indoor movie theater is reviewable by writ of certiorari; and 2) whether the Common Council of the City of Elkhart has the authority, under the provisions of IC 1971, 18-7-5-1, Ind. Ann. Stat. § 53-701, *et seq.*, (Burns 1964), to grant a special use to CCG Associates for the construction of an indoor movie theater.

With regard to the first issue, in *State ex rel. Mar. C. Pl. Comm.* v. *Mar. S. C., et al.* (1956), 235 Ind. 607, at 609, 135 N.E.2d 516, at 517, it was stated:

"The Zoning Act of 1947 creates new rights wholly unknown to the common law. The remedies therein prescribed are exclusive. In such case, the requirements of the statute as to the court where the remedy is to be had, and the time and manner of asserting the rights, are mandatory and jurisdictional."

In the instant case there is no statutory provision for review by certiorari of an amendment to a zoning ordinance.

Therefore, we can find no error concerning the dismissal of the Churches' petition for writ of certiorari.

The second issue is whether the Common Council of the City of Elkhart, Indiana, has the authority to grant a special use to CCG Associates for the construction of an indoor movie theater in a B-1 zone.

The particular amendment to the zoning ordinance with which we are here concerned reads, in pertinent part, as follows:

"ORDINANCE NO. 2455

"AN ORDINANCE AMENDING ORDINANCE NO. 2164 DESIGNATED AS 'THE ZONING ORDINANCE OF THE CITY OF ELKHART, INDIANA' ENACTED AND APPROVED THE 18th DAY OF JULY, 1966, REQUESTING A SPECIAL USE FOR THE PURPOSE OF CONSTRUCTING AND OPERATING A THEATER IN A B-1 ZONE.

"WHEREAS, CCG ASSOCIATES, a Partnership, has petitioned the Common Council of the City of Elkhart for a Special Use for the purpose of constructing and operating a theater in a B-1 (Business District, Limited Retail) Zone within the Pierre Moran Shopping Center approximately five hundred (500) feet north of the Northeast corner of Benham and Hively Avenues; and

"WHEREAS, the Plan Commission of the City of Elkhart has heretofore held a public hearing on this ordinance pursuant to law, and has recommended that this ordinance do pass;

"NOW, THEREFORE, BE IT ORDAINED BY THE COMMON COUNCIL OF THE CITY OF ELKHART, INDIANA:

"SECTION 1. That Ordinance No. 2164, commonly known as 'The Zoning Ordinance of the City of Elkhart' be changed and amended, and that the following described real estate located in Elkhart County, State of Indiana, to-wit:

[Here follows a legal description of the property.]
be granted a Special Use for the purpose of constructing and operating a theater in a B-1 (Business District, Limited Retail) Zone."

A reading of the above ordinance shows that the particular parcel of land therein described was not rezoned, nor was it spot zoned. See: *Penn et al.* v. *Metro. Plan. Comm., et al.* (1967), 141 Ind. App. 387, 228 N.E.2d 25. CCG Associates was merely granted a special use within an existing B-1 zone.

It is not contended that such grant was beyond the power authorized by the Master Zoning Plan. In fact, the record before us shows that Zoning Ordinance No. 2164 for the City of Elkhart, Indiana, contains a provision expressly authorizing the Common Council to grant special uses. Thus, the question becomes whether this retention of power by the Common Council is contrary to law.

This question is seemingly answered by the following language from *Bd. of Zon. App.* v. *School City of Mishawaka* (1957), 127 Ind. App. 683, at 689, 145 N.E.2d 302, at 305:

> "A board of zoning appeals has sole power within its discretion to vary a zoning ordinance and its decision is reviewable by the courts only for illegality in its proceedings." (Citing authorities.)

Appellees argue, however, that the facts of *School City of Mishawaka* make it distinguishable from the case at bar.

In the instant case, the statute conferring power on the Common Council to enact zoning ordinances is IC 1971, 18-7-5-58, Ind. Ann. Stat. § 53-756 (Burns 1964), which reads, in pertinent part, as follows:

> "As an integral part of the planning of areas * * * the city council * * * shall have the following powers:
>
> * * *
>
> "4. To classify, regulate and restrict the location of trades, callings, industries, commercial enterprises and the location of buildings designed for specified uses."

The above statutory provision does not empower a City Council to grant special use to a particular piece of property when that piece of property retains the original zoning classification.

The enactment of zoning ordinances and amendments thereto is an exercise of the legislative power of the State, and the legislative arm of City Government is the City Council. *Krimendahl v. Common Council of City of Noblesville* (1971), 256 Ind. 193, 267 N.E.2d 547. Zoning ordinances derive their validity from the police power of the State which can only be exercised in the general public interest of safety, health and morals. *Board of Zoning Appeals v. Koehler* (1963), 244 Ind. 504, 514, 194 N.E.2d 49.

In *Town of Homecroft, et al.* v. *MacBeth* (1958), 238 Ind. 57, at 63, 148 N.E.2d 563, at 567, it was stated:

"When it [zoning] is done by a political subdivision of the state, it must be done pursuant to the statute which authorizes it."

In the instant case, the power to grant a special use which was reserved to the Common Council by the zoning ordinance partakes of the nature of the power to grant a variance, exception or special exception. The latter power has been expressly granted to the Board of Zoning Appeals by IC 1971, 18-7-5-82, Ind. Ann. Stat. § 53-778 (Burns 1964), as follows:

"Powers and duties of board of zoning appeals—Exercise of authority.—The board of zoning appeals shall:

"1. Hear and determine appeals from and review any order, requirement, decision or determination made by an administrative official or board charged with the enforcement of any ordinance or regulation adopted pursuant to sections 56 through 65 [§§ 53-756—53-766] of this act.

"2. Permit and authorize exceptions to the district regulations only in the classes of cases or in particular situations as specified in the ordinance.

"3. Hear and decide special exceptions to the terms of the ordinance upon which the board is required to act under the ordinance.

"4. Authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done.

"In exercising its powers, the board of zoning appeals may reserve or affirm, wholly or partly, or may modify the order, requirement, decision or determination appealed from as in its opinion ought to be done in the premises, and to that end shall have all the powers of the officer or board from whom the appeal is taken."

Under the above statute, if CCG Associates felt that the zoning ordinance placed unfair restrictions on their property, relief should have properly been sought from the Board of Zoning Appeals. *City of E. Chicago* v. *Sinclair Ref. Co.* (1953), 232 Ind. 295, 111 N.E.2d 459. Such proper relief, however, was circumvented by the zoning ordinance.

We do not hold that the City Council may not zone and rezone property even when a single piece of property is under consideration. However, in the instant case, the ordinance purporting to be an amendment to the zoning ordinance did not zone or rezone any property. The amending ordinance merely granted a special use. No property was reclassified. We hold such action to be an unlawful encroachment on the statutory powers of the Board of Zoning Appeals.

The judgment of the trial court in Cause No. 172A59 is affirmed.

The judgment of the trial court in Cause No. 572A241 is reversed and this cause is remanded with instructions for further proceedings consistent with this opinion.

Sharp and Staton, JJ., concur.

NOTE.—Reported at 289 N.E.2d 155.