CITY OF EVANSVILLE, INDIANA, JESSE C. CROOKS, AS BUILDING COMMISSIONER OF THE CITY OF EVANSVILLE, AND COMMON COUNCIL OF THE CITY OF EVANSVILLE, INDIANA v. REIS TIRE SADES, INC., LORETTE M. KETTMEIER, LILLIAN E. WIMBERG, WILLIAM D. FAIRCHILD, ALBERT GOEBEL, LAURA M. GOEBEL, WILLIAM C. CONAWAY, AND FRANCES CONAWAY.

[No. 1-1274A188. Filed September 15, 1975. Rehearing denied October 15, 1975. Transfer denied May 5, 1976].

*John C. Cox, Timothy R. Dodd, Cox, Schroeder, Dodd, Mitchell, Terry and Appell,* Evansville, for appellants.

*Edward W. Johnson, Johnson, Carroll and Griffith,* Evansville, for appellees.

ROBERTSON, C.J.—The City of Evansville, defendants-appellants, appeals from the judgment of the trial court which held a portion of a City zoning ordinance unconstitutional as applied to property owned by plaintiffs-appellees (Reis).

The issue upon appeal is whether sufficient evidence was presented to support the trial court's ruling that sections of the City zoning ordinance unconstitutionally restricted use of the Reis property.

We affirm for the reasons stated hereafter.

Reis, as owner of a parcel of vacant real estate located in a subdivision of Evansville, filed an application for a rezoning of the real estate from single family residential to multi-family residential. The application was considered and recommended by the Area Plan Commission but denied by the Evansville Common Council.

Reis then filed suit in superior court asking that the court issue a declaratory judgment declaring that the property may be legally used for multi-family dwellings and that the Evansville-Vanderburgh Building Commission be mandated to issue a building permit for such use. On November 5, 1973, the case was tried to the court without intervention of a jury.

Evidence was presented at trial that a portion of the real estate sought to be rezoned contains a substantial ravine that has been partially filled in over a period of years by dirt fill, waste from a rock quarry, fill from a tire sales and recapping

operation and some broken pottery. Testimony was given to the effect that the site could be used for construction purposes but the nature of the terrain and fill would cause the construction costs to be more expensive than average since foundation footings would have to be set below the fill and substantial grading and earth moving would have to be done prior to the start of construction.

In light of the increased costs of developing the property, witnesses testified that it would be preferable to use the land for apartment buildings because of the increased return from rental properties as opposed to single family dwellings. These factors prompted Reis to make his application to have the property rezoned from exclusively single family to multi-family residential use.

The City introduced evidence to the effect that location of apartment buildings on the property would create a safety hazard due to increased traffic in an otherwise single-family residential area.

The court entered judgment for Reis holding that the zoning ordinance as it applied to the real estate was an unconstitutional taking of property in violation of Sections 21 and 23 of Article 1 of the Constitution of Indiana and the Fifth and Fourteenth Amendments to the United States Constitution. The court adjudged the property legally usable for multi-family dwellings and ordered the Evansville-Vanderburgh Building Commissioner to issue building permits for such use of the property.

The City appeals from that judgment.

Zoning is a proper exercise of the police powers of the state. *Town of Homecroft* v. *MacBeth* (1958), 238 Ind. 57, 148 N.E. 2d 563; *Metropolitan Board of Zoning App.* v. *Sheenan Const. Co.* (1974), 160 Ind. App. 520, 313 N.E.2d 78. However, the exercise of this power may result in a taking of one's property without just compensation and in violation of constitutional law. *Metropolitan Board of*

*Zoning App.* v. *Sheenan, supra; Board of Zoning of New Albany* v. *Koehler* (1963), 244 Ind. 504, 194 N.E.2d 49.

Not every burden placed upon private property by zoning ordinances constitutes a confiscation or taking. *Board of Zoning Appeals* v. *Shulte* (1961), 241 Ind. 339, 172 N.E. 2d 39; *Kelly* v. *Walker* (1974), 161 Ind. App. 591, 316 N.E.2d 695. The cases hold, however, that a zoning ordinance which prevents the use of a particular property for any reasonable purpose is unconstitutional. *Town of Homecroft* v. *Macbeth, supra; Metropolitan Board of Zoning App.* v. *Gateway Corp.* (1971), 256 Ind. 326, 268 N.E.2d 736.

In the present case, the zoning ordinance restricted the subject real estate to single family residential use exclusively but evidence was presented that the property could not reasonably be used for that purpose due to the increased costs of construction necessitated by the natural terrain. We believe this to be sufficient evidence to support the trial court's determination that the ordinance is unconstitutional as applied to Reis's property.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 333 N.E.2d 800.