CITY OF ANDERSON, Appellant (Defendant Below),

v.

ASSOCIATED FURNITURE & APPLIANCES, INC., Appellee (Plaintiff Below).

No. 2–778–A–246.

Court of Appeals of Indiana, Fourth District.

Dec. 31, 1979.

Rehearing Denied March 24, 1980.

---

9. See *Little v. Tingle,* (1866) 26 Ind. 168.

James E. Freeman, Jr., Deputy City Atty., Anderson, for appellant.

John E. Eisele, Anderson, for appellee.

YOUNG, Judge.

City of Anderson appeals from an unfavorable summary judgment of the trial court reversing a denial of amendment to a zoning ordinance by the Common Council of the City of Anderson.

Appellee-plaintiff Associated Furniture and Appliances, Inc. filed a petition with

the City Planning Commission to rezone a parcel of property from R–2 to B–1 for commercial purposes. The City Planning Commission recommended to the Common Council passage of the petition, i. e. that the property be rezoned. The Common Council denied passage of the amendment. Appellee-plaintiff sought review in the Madison Superior Court of the Common Council's denial of the amendment. The trial court entered summary judgment for plaintiff upon his motion and entered findings of fact as requested by defendant under Ind. Rules of Procedure, Trial Rule 52.

At the outset, we deem it important to note that Associated has chosen a procedure for attaining its desired result other than the usual more limited process of a variance or exception to the zoning ordinance. Associated has chosen to seek an amendment to the zoning ordinance in the "legislative" arena, which was denied. This procedure prompts a different scope of review from that which we would apply if we were reviewing a "judicial" determination of a variance or exception to an ordinance by a board in the "judicial" arena. A court in reviewing position, is much more limited in its scope of review. The appellate judiciary has more limited powers in reviewing the decision made by a "legislative" agency, as contrasted with the powers and scope of review of a "judicial" determination. *Compare Hayes v. City of Yonkers,* (Sup.1955) 143 N.Y.S.2d 699.

The first issue raised is whether the trial court had subject matter jurisdiction to review the action taken by the Common Council. Appellee states that the appeal to the trial court was not an attempt at certiorari, but an appeal pursuant to IC 1971, 18–5–17–1 et seq. (Burns 1974) and also a suit for injunctive relief. We agree with appellant's contention that IC 18–5–17–1 does not apply in this situation. This statute is for appeals from a decision of the Common Council of a city when it acts as a board. Here the Common Council was not acting as a board. When a governing authority acts on a rezoning application it is acting in a legislative capacity. *Town of*

*Schererville v. Vavrus,* (1979) Ind.App., 389 N.E.2d 346, 351. It was acting in a legislative capacity under authority given by statute.[1] There is no provision for an appeal of the Common Council's amendment or denial of such to a zoning ordinance. *First Church of the Nazarene v. Weaver,* (1972) 154 Ind. App. 157, 289 N.E.2d 155. The procedure for review of such action is to bring a suit for declaratory judgment or other similar attack. *First Church of the Nazarene, supra.* By this process one may seek review of the action to determine inter alia, constitutionality, procedural soundness and whether it was an arbitrary, capricious or unreasonable action. Although IC 18–5–17–1 is improperly used here, the substance of the action was properly before the trial court by the request for injunctive relief. We hold that the trial court had subject matter jurisdiction to review the action of the City Common Council for limited purposes.

The trial court agreed with appellee's contention that the denial of the amendment of the zoning ordinance was a taking of the real estate in violation of the constitution. Appellee relied upon *City of Evansville v. Reis Tire Sales, Inc.,* (1975) 165 Ind.App. 638, 333 N.E.2d 800, 801–802 which states

Zoning is a proper exercise of the police powers of the state. *Town of Homecroft v. Macbeth* (1958), 238 Ind. 57, 148 N.E.2d 563; *Metropolitan Board of Zoning App. v. Sheenan Const. Co.* (1974), Ind.App., 313 N.E.2d 78. However, the exercise of this power may result in a taking of one's property without just compensation and in violation of constitutional law. *Metropolitan Board of Zoning App. v. Sheenan, supra*; *Board of Zoning Appeals of New Albany v. Koehler* (1963), 244 Ind. 504, 194 N.E.2d 49.

Not every burden placed upon private property by zoning ordinances constitutes a confiscation or taking. *Board of Zoning Appeals v. Shulté* (1961), 241 Ind. 339, 172 N.E.2d 39; *Kelly v. Walker* (1974), Ind.App., 316 N.E.2d 695. The cases hold,

---

1. *See* IC 1971, 18–7–5–44 (Burns Code Ed.).

however, that a zoning ordinance which prevents the use of a particular property for any reasonable purpose is unconstitutional. *Town of Homecroft v. Macbeth, supra*; *Metropolitan Board of Zoning App. v. Gateway Corp.* (1971), 256 Ind. 326, 268 N.E.2d 736.

In the present case, the zoning ordinance restricted the subject real estate to single family residential use exclusively but evidence was presented that the property could not reasonably be used for that purpose due to the increased costs of construction necessitated by the natural terrain. We believe this to be sufficient evidence to support the trial court's determination that the ordinance is unconstitutional as applied to Reis's property. In *City of Evansville*, evidence of the condition of the land and increased cost of development was presented to demonstrate the property could not be reasonably used as zoned for any purpose. Here the evidence presented was that no residential market existed for one half the property and the highest and best use for that portion was business. This is *not* evidence that the property is prevented from being used for any reasonable purpose. Because the best use of a property is not permitted does not require the ordinance to be held invalid. *See Hayes v. City of Yonkers, supra* at 701–02. Not every burden placed upon property constitutes a taking. *City of Evansville, supra*; *Hayes, supra*.

▇▇▇ The police power of the state includes the power to enact and amend zoning statutes and ordinances. *Krimendahl v. Common Council of City of Noblesville,* (1971) 256 Ind. 191, 267 N.E.2d 547. Enactment of amendments to zoning ordinances is within the police power granted to municipal councils by the State. IC 1971, 18–7–5–1 to –99 (Burns 1974); *State ex rel. Michigan City Plan Commission v. LaPorte Superior Ct. No. 1,* (1973) 260 Ind. 587, 297 N.E.2d 814. Amendments to zoning ordinances must be made in substantial compliance with and pursuant to the statute granting power to amend. IC 18–7–5–66

and 67; *Bryant v. Lake County Trust Co.,* (1972) 152 Ind.App. 628, 284 N.E.2d 537. Also amendments must be reasonable and in the public welfare, in the same manner as the original zoning ordinance. *Michigan City Plan Commission, supra*; *Penn v. Metropolitan Plan Commission of Marion County,* (1967) 141 Ind.App. 387, 228 N.E.2d 25. This requirement would include the proposition that a zoning ordinance or amendment thereto cannot be arbitrary. 1 E. Yokley, Zoning Law and Practice 63 (4th ed. 1978). Zoning ordinances must be within the bounds of the Constitution. *City of Evansville v. Reis Tire Sales, Inc., supra,* (unconstitutional taking of property in violation of U.S.Const. amend. V & XIV; Ind.Const. art. 1, §§ 21 and 23). Each zoning case must be decided on the basis of its own factual situation. *City of East Chicago, Ind. v. Sinclair Refining Co.,* (1953) 232 Ind. 295, 111 N.E.2d 459. The constitutionality also depends on the facts of each case. 1 Yokley 59.

▇▇▇ The reason for the above stated standards is that when the Common Council enacts or amends a zoning ordinance it is acting in a legislative capacity. *Michigan City Plan Commission, supra*; *Krimendahl, supra*; *Bryant, supra*. It is well settled that the courts cannot inquire into the motives of a local legislative body when it is acting in a legislative capacity. *Town of Schererville v. Vavrus, supra*. Furthermore, when a municipal authority exercises legislative discretion, that discretion is not dependent upon the adequacy or sufficiency of its knowledge or supporting evidence. It is the responsibility of the electorate to assess the conduct of such a body. *Anthony v. City of Kewanee,* (1967) 79 Ill.App.2d 243, 223 N.E.2d 738.

▇▇▇ We agree that the finding of the trial court (the decision of the Common Council was not supported by substantial evidence) was erroneous. As long as the decision is reasonable, not arbitrary or capricious, the discretion (unless abused) of the Council will not be disturbed.[2] The

2. Evidence to support a decision is our standard of review where the action taken is judicial in nature, as opposed to legislative. *Cf.*

*Stanley v. Board of Zoning Appeals, Jasper County,* (1972) 152 Ind.App. 418, 283 N.E.2d 809.

electorate will review the discretion of the council at election time.

Appellant contends the trial court erroneously held that the Common Council erred by not following IC 1971, 18–7–5–60 (Burns 1974). This section requires the council to "pay reasonable regard to existing conditions, the character of buildings erected in each district, the most desirable use for which the land in each district may be adapted and the conservation of property values throughout the city or county." It does not direct a particular conclusion or result; the decision is left to the discretion of the elected council after paying "reasonable regard." When a zoning ordinance is within the grant of power conferred by the legislature the presumption is in favor of its validity. *Anthony v. City of Kewanee, supra,* 223 N.E.2d at 740. When there is data in the record concerning the factors listed in § 60, this presumption requires us to conclude that the council did pay reasonable regard as required when it acts legislatively upon an ordinance. Compare, *Budnick v. Citizens Trust & Savings Bank,* (1942) 220 Ind. 410, 44 N.E.2d 298, 302–03.

For the reasons above, we hold that the trial court erred as a matter of law in its judgment requiring the property to be rezoned and building permits be issued. Because of this disposition, we do not find it necessary to reach the other issues raised by the parties.

Reversed.

MILLER, P. J., and CHIPMAN, J., concur.