Elvin HILLS, Plaintiff-Appellant,

v.

The AREA PLAN COMMISSION OF VERMILLION COUNTY, the Board of Commissioners of the County of Vermillion, Defendants-Appellees.

No. 1-880A219.

Court of Appeals of Indiana, First District.

Feb. 12, 1981.

Rehearing Denied March 24, 1981.

Larry C. Thomas, Clinton, for plaintiff-appellant.

Don R. Darnell, Newport, Joe E. Beardsley II, Beardsley & Stengel, Clinton, for defendants-appellees.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Elvin Hills appeals from an adverse judgment entered in his action seeking declaratory judgment that the actions of the Area Plan Commission of Vermillion County and the Board of Commissioners of Vermillion County in denying Hills' application for rezoning were invalid and directing the Plan Commission and County Commissioners to grant the rezoning. We affirm.

## STATEMENT OF FACTS

On January 11, 1979, Hills presented his application to the Plan Commission for rezoning of a certain six acre tract in Section 28, Township 15 North, Range 9 West from agricultural (A) classification to urban residential (U–1). Hills' purpose in obtaining

such rezoning was to construct an apartment complex on the tract in question.[1] At this meeting of the Plan Commission, the zoning administrator presented a sketch of the area involved, a soil report prepared by the District Conservationist was available for Commission inspection and was discussed by a Commission member, and Hills was called upon to explain where the subject land was located. Several landowners in the area then appeared in opposition to the proposed rezoning voicing objections that such rezoning and construction of the apartment complex might adversely affect the value of their real estate, would increase traffic, water usage, garbage, overburden existing facilities, and change the prevailing rural character of the area. The Plan Commission determined to recommend rejection of the rezoning application by a unanimous vote.

Hills then petitioned the County Commissioners to grant the rezoning. Pursuant to published notice, the Commissioners held a public hearing on the proposed rezoning on March 19, 1979. Hills appeared in person and by counsel. At the hearing before the Commissioners, the minutes of the Plan Commission meeting wherein the rezoning was rejected were presented, together with a map showing residences in the neighborhood, a drawing of the proposed apartment complex, letters from realtors stating that no adverse affect on surrounding property values would result, letters attesting to adequacy of water supply and to availability of police and fire protection in the area, a soil report concerning septic system feasibility, and a letter from Hills' grantor stating there were no use restrictions prohibiting apartment construction in the conveyance to Hills. Hills testified in support of his application. He also introduced copies of minutes of Plan Commission meetings approving similar rezoning applications for two other landowners in different areas in the county and minutes of Board of Zoning Appeals' meetings granting special excep-

tions for apartment complexes in those areas. Also, a number of area residents presented objections to the rezoning, again stating concern over increased traffic, congestion, water supply, change in the character of the neighborhood, depreciation of property values, effect on water table, drainage, and interference with the agricultural character of the general vicinity.

The Commissioners took the matter under advisement until their meeting of April 2, 1979, when the Commissioners denied Hills' application by unanimous vote. The minutes of the Commissioners' April 2, 1979, meeting state: "Richard Fultz said he could find no error in the decision of the Area Plan Commission to not grant Elvin Hills [sic] request for rezoning from A to U-1. In light of their decision and what he personally had heard [he] now made a motion to deny said petition. Howard Shew seconded the motion. Elmo Riggen made said motion unanimous."

Neither the Plan Commission nor the Board of Commissioners made or entered any special findings of fact supporting their actions. The rejection of the rezoning by the Commissioners precipitated this action for declaratory judgment. The trial court entered the following findings of fact, conclusions of law, and judgment:

### "FINDINGS OF FACT

"The Court, having had this matter under advisement and having heard the evidence and arguments of counsel and being duly advised, does now make the following Findings of Fact, Conclusions and Judgment:

"1. The plaintiff is the owner of approximately six (6) acres of real estate situate in Sec. 28, Twp. 15 N, Range 9 W, Vermillion County, Indiana.

"2. Said real estate was classified as agricultural real estate pursuant to the Zoning Ordinance of Vermillion County, Indiana.

---

1. The Vermillion County zoning ordinance contained no provision for multi-family dwellings in any zoning classification. However, the Board of Zoning Appeals was authorized to grant a special exception for such purposes in an Urban Residential (U-1) zone. Hence, the request to rezone the six acre tract from A to U-1.

"3. The plaintiff filed a petition to the Vermillion County Area Plan Commission requesting that said real estate be reclassified and rezoned from agricultural to urban residential.

"4. The plaintiff intended to erect an apartment complex on said real estate in the event said land were [sic] reclassified.

"5. On January 11, 1979, at a meeting of the Vermillion County Area Plan Commission said petition and request for reclassification was submitted to the said Commission, and the petitioner and his counsel were given an opportunity to address said Commission in support of his application, but the plaintiff did not present any other evidence to the Commission in support of his petition for reclassification, although Soils [sic] Report was considered by the Commission.

"6. There were present at said meeting a number of property owners living near the property of the plaintiff who made objection to the proposed reclassification.

"7. The Area Planning Commission of Vermillion County then voted upon said petition and denied the same unanimously, and thereby recommended that said reclassification not be made.

"8. There were no written Findings of Fact made by the Area Plan Commission.

"9. Subsequently the plaintiff submitted his application to the Board of County Commissioners of Vermillion County, Indiana, asking the Board to reverse the Commission and in effect requesting that an amendment of the Zoning Ordinance of Vermillion County to permit the rezoning of the six (6) acre tract of real estate in question from agricultural to urban residential [sic].

"10. The Board of County Commissioners set said petition for public hearing on March 19, 1979, and gave due notice by publication of the same.

"11. On March 19, 1979, a public hearing was had by the Board of County Commissioners of Vermillion County, Indiana, to consider said application and petition, and said Board, after hearing the evidence presented, took the same under advisement.

"12. On April 2, 1979, the Board of County Commissioners denied said petition to amend said Zoning Ordinance and reverse the action of the Vermillion County Area Plan Commission.

"13. The Board of County Commissioners did not make any specific Findings of Fact with respect to said petition.

"14. The Area Plan Commission by other separate action have [sic] approved rezoning requests of a man named Henry Shortridge and a man named Harold Grubbs on other parcels of real estate in Vermillion County, Indiana, to erect multiple family units, and the plaintiff claims that thereby he has been denied equal protection under the Constitution.

## "CONCLUSIONS

"Based upon the above Findings of Fact, the Court does now conclude:

"1. The law is with the defendants and against the plaintiff.

"2. There is no evidence that the action of the Vermillion County Area Plan Commission, in denying the petition of the plaintiff, acted arbitrarily or capricious [sic] or outside the scope of its authority.

"3. The Commission was not required under the law to make special Findings of Fact.

"4. In its action herein to refuse to amend the Zoning Ordinance of Vermillion County, the Board of County Commissioners was acting as a legislative body, and it was not required to make any Findings of Fact under the law.

"5. There is no evidence that the Board of County Commissioners of Vermillion County acted irrationally or outside the scope of its authority or arbitrarily or capriciously in denying the petition of the plaintiff.

"6. The plaintiff has not been denied equal protection by the action of either the Area Plan Commission or the Board of County Commissioners in this case.

"JUDGMENT

"Based upon the above Findings and Conclusions, the Court does now ORDER, ADJUDGE AND DECREE that the plaintiff take nothing by his claims, all at plaintiff's cost."

From this judgment Hills appeals.

ISSUES

The issues present for our consideration are [2]

1. Whether the court erred in determining that the County Area Plan Commission when acting on the proposed rezoning had not acted outside the scope of its authority.

2. Whether the Court erred in determining that the Area Plan Commission when acting on the proposed rezoning had not acted arbitrarily or capriciously.

3. Whether the Court erred when it determined that the decision of the Board of Commissioners on the proposed rezoning was not arbitrary or capricious.

4. Whether the Court erred when it determined that neither the Board of Commissioners nor the Plan Commission was required to make written findings of fact when they denied the rezoning petition.

5. Whether the Court erred when it determined that Landowner was not denied equal protection by the actions of the Area Plan Commission and the Board of Commissioners.

6. Whether the Court erred when it determined that a zoning decision can be determined solely by a poll of public sentiment in the neighborhood.

DISCUSSION AND DECISION

*Issue One*

 The Plan Commission did not act outside the scope of its authority. Under

the applicable statutes,[3] the Plan Commission was required to review the application for rezoning and make its recommendations and report to the County Commissioners. Indiana Code 18–7–4–53 specifically provides that any proposed amendment of the zoning ordinance shall be referred to the commission for consideration and report before any final action is taken by a legislative body. In considering comparable provisions in the Advisory Plan Commission Act,[4] Judge Staton, writing for this court in *Wildwood Park Community Ass'n. v. Ft. Wayne*, (1979) Ind.App., 396 N.E.2d 678, *trans. denied*, said:

"In a municipality's adoption of a master plan, the Commission, if extant, is required to hold a public hearing on the proposed scheme and make a *recommendation* to the City Council regarding its passage. [Citation omitted.] This same limited role is statutorily imposed on the Plan Commission when amendments to the master plan or a zoning ordinance are proposed. [Citation omitted.] And when an amendment, supplement or change to a regulation in a zoning ordinance is presented for consideration, the Commission's duty is to examine it and report on its feasibility to the Council. [Citation omitted.]" (Footnote omitted.)

396 N.E.2d at 687–688.

Here, the Plan Commission did what the statute required. It held a public hearing, examined the feasibility of the proposal, and recommended denial of the requested rezoning. Therefore, the Plan Commission did not act outside the scope of its authority. Rather, the Commission acted precisely within its scope of authority.

Hills seems to say that the Plan Commission acted outside its authority because it purported to rezone and that the court de-

---

2. We have restated the issues to present those issues properly preserved and raised in this appeal. In his brief, Hills posits some issues which incorrectly state the conclusion of the trial court and some which present no issue.

3. Indiana Code 18–7–4–46 to 18–7–4–53 are the applicable provisions of the Area Planning Act then in effect which pertain to amendments.

That area planning law has been replaced by the present law IC 18–7–4–102 *et seq.* effective April 6, 1979.

4. Indiana Code 18–7–5–1 to 18–7–5–99 now replaced by IC 18–7–4–101 to 18–7–4–1213 effective April 6, 1979.

termined the Commission had such authority. First, as a careful reading of the trial court's findings, conclusions, and judgment will show, the court below made no such determination. Second, we agree that the Plan Commission cannot grant a rezoning. Such is a legislative act which can be accomplished only by a legislative body, in this case, the County Commissioners. *Wildwood Park Community Ass'n. v. Ft. Wayne, supra; Bryant v. Lake County Trust Co.,* (1975) 166 Ind.App. 92, 334 N.E.2d 730, *trans. den.* (1976); *Town of Schererville v. Vavrus,* (1979) Ind.App., 389 N.E.2d 346. Here, the Plan Commission did not grant a rezoning. It refused to recommend one. Hills contends the Commission did grant rezoning in the Shortridge and Grubbs cases. Whatever happened in those cases is irrelevant to our consideration of this case. *Town of Schererville v. Vavrus, supra.* Whether the Shortridge and Grubbs rezonings were accomplished in compliance with the law is of no concern to us here.

*Issues Two and Three*

■ Hills asserts that both the Plan Commission and County Commissioners acted arbitrarily and capriciously with respect to his rezoning request. As we have stated, rezoning is a legislative matter. The function of the Plan Commission in such a matter is purely advisory. *Wildwood Park Community Ass'n. v. Ft. Wayne, supra.* When a governing authority acts on a rezoning application, it exercises a legislative power. *Town of Schererville v. Vavrus, supra; City of Anderson v. Associated Furniture,* (1979) Ind.App., 398 N.E.2d 1321 (transfer pending). Appellate review is much more limited in reviewing a legislative determination. *City of Anderson v. Associated Furniture, supra.* As Judge Young stated in *City of Anderson v. Associated Furniture*:

"There is no provision for an appeal of the Common Council's amendment or denial of such to a zoning ordinance. [Citation omitted.] The procedure for review of such action is to bring a suit for declaratory judgment or other similar attack. [Citation omitted.] By this process one may seek review of the action to deter-

mine inter alia, constitutionality, procedural soundness and whether it was an arbitrary, capricious or unreasonable action."

398 N.E.2d 1323. And,

"[W]hen a municipal authority exercises legislative discretion, that discretion is not dependent upon the adequacy or sufficiency of its knowledge or supporting evidence. It is the responsibility of the electorate to assess the conduct of such a body. [Citation omitted.]

As long as the decision is reasonable, not arbitrary or capricious, the discretion (unless abused) of the Council will not be disturbed. The electorate will review the discretion of the council at election time."

398 N.E.2d at 1324–25. It is also clear that courts cannot inquire into the motives behind the legislative body's denial of rezoning. *City of Anderson v. Associated Furniture, supra; Town of Schererville v. Vavrus, supra.*

Concerning refusals to rezone, it has been stated:

"A refusal to rezone will be upheld where no compelling need for the rezoning is shown and it is not clearly demonstrated that the existing zoning classification is no longer reasonable or appropriate. The burden is on one who seeks a rezoning to show the need therefor, and the 'fairly debatable' rule has been applied in the case of a denial of a rezoning application. One who buys an area which may be too small to develop under the existing zoning in the hopes of or on the gamble of securing a zoning modification cannot be heard to complain when the legislative body, within the ambit of its discretion, declines to change the overall plan for the benefit of the gambling buyer. Zoning is not required to be altered because it has been previously violated, and the person committing the violation does not vest in another person the right to the zoning as violated. But a denial of a rezoning request will not be sustained if under all the facts of the particular case, the denial is unreasonable and has no

substantial relation to the public health, safety, morals, or general welfare. Also, if an existing zoning ordinance denies to a landowner the reasonable use of his land, and the legislative authority, arbitrarily, discriminatorily, and for reasons having no relation to the public health, safety, or welfare, refuses to rezone the land to allow such reasonable use, the zoning ordinance will be held invalid as applied to such land. And where the zoning authority has itself encroached upon its comprehensive zoning scheme by allowing a preponderant number of variances within the area, it must permit rezoning for land use compatible with the variances that it has allowed."

82 Am.Jur.2d, *Zoning and Planning*, § 24 (1976).

■ Further, the party complaining of the refusal to rezone has the burden of showing the existing ordinance or classification is invalid and that the issue of validity is not fairly debatable. The zoning authority does not have the burden of showing the existing classification is valid. 82 Am. Jur.2d, *Zoning and Planning*, § 29 (1976).

■ No evidence was presented here to show that Hills could not use his property for the uses permitted under the existing zoning. The fact that a better use was not permitted does not require us to find the denial of rezoning invalid. *City of Anderson v. Associated Furniture, supra.* We find no evidence which would require us to find the action of the County Commissioners in denying Hills' rezoning to be arbitrary, capricious, unreasonable, or not in the public welfare. Rather, we find the Commissioners' action to be a proper exercise of their legislative discretion for which they are answerable to the electorate. Neither does the fact that rezonings may have been approved for apartment complexes for other owners support a finding that the legislative action was arbitrary, capricious, unreasonable, or a denial of equal protection. The fact that a similar rezoning had been approved for another applicant in another area is irrelevant to an inquiry as to whether the Commissioners' action in this case

was arbitrary. *Town of Schererville v. Vavrus, supra.*

*Issue Four*

Hills contends the trial court erred in holding that neither the Plan Commission nor the County Commissioners were required to make written findings of fact when they denied his rezoning petition. We disagree.

■ A plan commission, as are other administrative bodies, is required to make findings of fact upon which its *decisions* are predicated. *Schenkel v. Allen County Plan Commission*, (1980) Ind.App., 407 N.E.2d 265. This court pointed out in *Schenkel* that plan commissions are empowered to make two types of determinations, (1) recommendations and (2) decisions. When the plan commission serves in an advisory capacity, it makes *recommendations.* When the plan commission enjoys the ultimate authority, its actions constitute *decisions.* In *Schenkel*, the plan commission had the ultimate authority to approve preliminary plats and plans for subdivisions. Thus, its action in approving such plans constituted a *decision* and findings of fact were required. The distinction between recommendations and decisions is also made in *City Plan Commission, City of Hammond, Lake County v. Pielet*, (1975) 167 Ind.App. 324, 338 N.E.2d 648. There, the court said that a "decision" of a plan commission was reviewable by certiorari proceedings, but a "recommendation" was not, and held that a plan commission's recommendation to the city council that an application for a conditional use permit be denied was not a "decision" reviewable by certiorari. Hills relies on cases such as *Carlton v. Board of Zoning Appeals*, (1969) 252 Ind. 56, 245 N.E.2d 337 and *Kunz v. Waterman*, (1972) 258 Ind. 573, 283 N.E.2d 371, wherein it was held that Boards of Zoning Appeals must make specific findings of fact in support of their granting of variances, and on *Hawley v. South Bend Dept. of Redevelopment*, (1978) Ind., 383 N.E.2d 333, holding the Redevelopment Commission had to make findings of fact to support its determination that an

area was blighted. In those cases, the Boards of Zoning Appeals and the Redevelopment Commission exercised the ultimate determination either granting the variance or determining the area to be blighted. Such determinations were clearly decisions and thus required to be supported by findings of fact.

■ However, the action of the Plan Commission on a rezoning application is purely advisory. It conducts a hearing and makes a recommendation as to the feasibility of the requested rezoning and reports to the legislative body. All that is required is a recommendation and report. Such recommendation need not be accompanied by specific findings of fact.

■ The requirement of findings of fact is imposed upon administrative bodies acting in a decision making role. *Schenkel v. Allen County Plan Commission, supra.* As we have shown, the County Commissioners in acting upon the requested rezoning were acting in a legislative capacity. *City of Anderson v. Associated Furniture, supra; Town of Schererville v. Vavrus, supra.* Legislative bodies either in enacting, or in refusing to enact, legislation are not required to make findings of fact to support the exercise of their legislative discretion.

*Issue Five*

■ We have already addressed this issue in our discussion of issue three. We reiterate that no evidence has been presented which demonstrates a denial of equal protection by either the Plan Commission or the Board of County Commissioners. Hills argues that the granting of the Grubbs and Shortridge rezonings for apartment complexes demonstrates a denial of equal protection. The evidence shows these rezonings, if in fact they were granted, were for other tracts of land in other locations. Hills made no showing that he was denied reasonable use of his land. As we previously stated, no evidence was presented that Hills' land cannot be used reasonably for a permitted use in the existing classification.

*Issue Six*

■ Hills contends the trial court erred when it determined that a zoning decision can be determined solely by a poll of public sentiment in the neighborhood. The fallacy of this argument is apparent. The court made no such determination, as a careful reading of the findings of fact, conclusions of law, and judgment entered below clearly demonstrate. We agree that a zoning determination is not controlled by public sentiment. However, the feelings of surrounding landowners are relevant. *Carpenter v. Whitley County Plan Commission,* (1977) Ind.App., 367 N.E.2d 1156. Thus, it was proper for the Plan Commission and the County Commissioners to hear the views and objections of the surrounding landowners. However, the record does not support a contention that these bodies acted solely upon the basis of a poll of public sentiment. Rather, other relevant factors were presented by the objectors and were properly considered by both the Plan Commission and the County Commissioners.

Judgment affirmed.

NEAL, P. J. and ROBERTSON, J., concur.