CITY OF ANDERSON (Appellant),

v.

ASSOCIATED FURNITURE & APPLI-
ANCES, INC. (Appellee).

No. 781S178.

Supreme Court of Indiana.

July 8, 1981.

James E. Freeman, Jr., Deputy City
Atty., Anderson, for appellant.

John E. Eisele, Anderson, Theodore F. Smith, Jr., Anderson, for appellee.

GIVAN, Chief Justice.

Appellee has petitioned this Court to accept transfer of this case from the Court of Appeals. 398 N.E.2d 1321. We grant transfer, set aside the decision of the Court of Appeals and reinstate the decision of the trial court.

On January 24, 1977, Associated Furniture & Appliances, Inc. filed a petition with the Madison County Planning Commission for a change in a zoning ordinance which restricted the use of a piece of real estate owned by them. Specifically, Associated sought to rezone the parcel of property from a residential classification to a commercial classification. The City Planning Commission recommended to the Common Council of Anderson that the petition be granted.

On March 10, 1977, the Common Council rejected Associated's petition to amend the zoning ordinance. Appellee sought judicial review in the Madison Superior Court. The trial court entered judgment for Associated and entered findings of fact as requested by the City of Anderson. On appeal by the city the Court of Appeals reversed the trial court holding that the decision of the Common Council was supported by substantial evidence and that the decision of the Common Council could be reversed by a court only where the decision was arbitrary, capricious and an abuse of discretion.

First we address the question of the subject matter jurisdiction of the trial court. The Court of Appeals correctly held that Associated could not utilize the certiorari procedure prescribed for judicial review of decisions of a Common Council when it acts as a board. I.C. 18–5–17–1 [Burns, 1976 (repealed by Acts of 1980, P.L. 8, § 175 effective April 1, 1980)]. In the instant case the appellee sought judicial review of a decision of a Common Council acting in its capacity as a legislative body.

■ However, in the case at bar the trial court did have subject matter jurisdiction, in that, appellee alleged the decision of the Common Council constituted an unlawful taking of property in violation of the Fifth and Fourteenth Amendments of the United States Constitution and Article 1, §§ 21 and 23 of the Indiana Constitution. Thus, the jurisdiction of the trial court was not based upon a particular statute but rather upon a constitutional claim. Hence, even though appellee erroneously relied upon I.C. 18–5–17–1, *supra*, for a jurisdictional basis, the action was properly brought as a direct action for a declaratory judgment, pursuant to I.C. 34–4–10–1 *et seq.* [Burns, 1976] and for an injunction. *Town of Schererville v. Vavrus*, (1979) Ind.App., 389 N.E.2d 346; *City of Evansville v. Reis Tire Sales, Inc.*, (1975) 165 Ind.App. 638, 333 N.E.2d 800.

■ Appellant next argues the trial court erred in granting Summary Judgment in favor of Associated because there were material questions of fact as to whether the real estate had any reasonable value as residential property. However, appellant's argument that the trial court erred in granting Summary Judgment was waived when it stipulated the court could review the evidence presented to the Planning Commission together with all of the reports and other documents filed with it, the transcript of the Common Council meeting, the testimony of Bruce Pearson, an employee of the Planning Commission, and said evidence would be the only evidence presented. In arriving at his decision, the trial judge considered all of the evidence which would ever be before him. The judgment was properly rendered regardless of whether it was denominated a Summary Judgment or simply a judgment.

■ The city next claims the court order violated the separation of powers doctrine of Article III, § 1 of the Indiana Constitution. This section provides: "[t]he powers of the government are divided into three separate departments; the Legislative, the Executive including the Administrative, and the Judicial; and no person, charged with official duties under one of these departments, shall exercise any of the functions of another, except as in this Constitution expressly provided."

Appellant relies upon *State ex rel. Indiana Alcoholic Beverage Commission v. Lake Superior Court*, (1972) 259 Ind. 123, 284 N.E.2d 746. In that case, this Court stated a court does not have jurisdiction to grant or renew licenses of alcoholic beverage retailers "except upon judicial review of the administrative action." *State ex rel. Indiana Alcoholic Beverage Commission v. Lake Superior Court, supra*, at 126, 284 N.E.2d at 748. In the instant case the appellee requested the court to review the constitutionality of action taken by a legislative body. If appellant were to prevail in this argument, parties would find themselves without remedy where zoning ordinances constituted an unconstitutional taking of property. See *City of Evansville v. Reis Tire Sales, Inc.*, (1975) 165 Ind.App. 638, 333 N.E.2d 800, *supra*. Where a law or the application of a law is challenged on constitutional grounds, the judiciary has the authority, as well as the duty, to explore the constitutional ramifications of the law. As this Court stated in *Town of Homecroft v. Macbeth*, (1958) 238 Ind. 57, 64, 148 N.E.2d 563, 567.

"[w]hen an issue is presented by an owner that there has been an unlawful taking of his property without just compensation in violation of § 21 of Article 1 of the Indiana Constitution and in violation of the due process clause of the Fourteenth Amendment, it is for the courts to protect ultimately the owner's rights and decide the judicial question presented."

In addition to the above appellant's reliance upon the separation of powers doctrine is not viable since that provision applies only to state government action. It has been stated that Article III, § 1 "relates solely to the state government and officers and their duties under one of the separate departments of the state and not to municipal government and officers." *Livengood v. Covington*, (1924) 194 Ind. 633, 643, 144 N.E. 416, 419; *Mogilner v. Metropolitan Plan Commission*, (1957) 236 Ind. 298, 140 N.E.2d 220; *Willsey v. Newlon Trustee*, (1974) 161 Ind.App. 332, 316 N.E.2d 390. We therefore hold appellant's argument that the trial court's intervention violated the separation of powers clause of the Indiana Constitution is not applicable in this case.

Appellant claims the trial court erred in finding the decision of the Common Council contravened I.C. 18–7–5–60. This statute provides guidelines which a city council or board of county commissioners must follow when establishing new or changing existing land use regulations. As Judge Staton wrote in *Metropolitan Board of Zoning Appeals of Marion County v. Sheehan Construction Co.*, (1974) 160 Ind.App. 520, 526–27, 313 N.E.2d 78, 82.

"When reviewing the judgment of the trial court, this Court will not weigh the evidence but will look only to that evidence and the reasonable inferences therefrom which support the judgment. *Pokraka v. Lummus Co.*, (1952) 230 Ind. 523, 104 N.E.2d 669. The trial court's judgment will be set aside only in instances where the evidence is without conflict and can lead to but one result and the trial court in its judgment has reached an opposite conclusion. *Wilson v. Jerry Miller, Inc.*, (1973) 157 Ind.App. 135, 299 N.E.2d 177. When the trial court has made special findings, as it was required to do here, we must affirm the judgment unless we are satisfied that those findings are clearly erroneous. (Citations omitted.)"

In the case at bar the trial court made the following findings of fact:

"13. That during the Plan Commission hearing, plaintiff submitted an engineering report from the firm of Beam, Longest & Neff, and present was, Mr. Robert Fisher, one of their engineers, to help explain said report, which report demonstrated conclusively that even if the entire acreage owned by the plaintiff was paved, that plaintiff would be able to solve its own water problems caused by the additional water run-off.

\*    \*    \*    \*    \*    \*

16. That at the regularly scheduled meeting of the Common Council of Anderson, Indiana, on the 10th day of

March, 1977, Ordinance Number 4–77, was brought up on the Agenda, *but with the recommendation to deny said Ordinance even before a hearing was held thereon.*

17. That at said hearing of the Common Council of Anderson, Indiana, plaintiff reiterated all of the evidence presented to the City Plan Commission, and in addition thereto presented expert testimony in the form of a letter from a real estate appraiser in the Anderson area, *which demonstrated that* the highest and best use for plaintiff's property was that of a B–1 Business zoning and not R–2 Residential and said expert opinion was not refuted by any evidence.

18. That in addition thereto, plaintiff presented a partial list of businesses located in the close proximity to plaintiff's property, *which list demonstrated (conclusively) that* the area is one of business nature.

19. That all of the evidence presented to the defendant demonstrated conclusively that the highest and best use for said property is a Business B–1 classification, and *defendant failed to present any evidence in opposition of probative value.*

20. That the Court upon the request of the plaintiff did view the real estate in question, and it was found among other things that the plaintiff's real estate borders a heavily trafficked street commonly known as 53rd Street, and which was formerly for many years State Highway Number 67; that same is in close proximity to a K-Mart shopping center; that there are many other businesses along said 53rd Street and many other properties zoned for business which have no present businesses thereon, and *that the entire petition as presented to* the Anderson Plan Commission, if approved, would have been contiguous to other B-1 zoning along said 53rd Street.

21. That the Common Council of Anderson did not even read or examine the engineering report which demonstrated conclusively that plaintiff could handle its own water problems.

22. That for many years there have been numerous and futile attempts by the plaintiff, and previous owners of *the land to put same to some use,* but all of the owners' attempts have been denied by the defendant.

23. That there was no probative evidence upon which defendant could base its decision.

24. That in recommending for denial Ordinance Number 4–77 which had been recommended to them for approval by the City Plan Commission, the Common Council of Anderson, Indiana, disregarded all of the applicable laws governing changes in the zoning ordinances, and specifically violated Indiana Code 18–7–5–60 which requires that in rezoning that the Common Council of Anderson, Indiana, shall consider existing conditions, character of the buildings in each district, the most desirable use for which the land in each district may be adapted and the conservation of property values.

\*　　\*　　\*　　\*　　\*　　\*

26. That said defendant's decision was based on a poll of sentiment of the neighborhood, and not on the evidence presented.

27. That defendant's decision resulted in the taking of plaintiff's real estate without compensation, thereby violating plaintiff's rights in violation of Sections 21 and 23 of Article 1 of the Constitution of Indiana and the 5th and 14th Amendments to the U.S. Constitution."

■ These factual findings are supported by the evidence. The trial court further found the Common Council acted arbitrarily, capriciously and that the failure of the Council to rezone Associated's property constituted an unlawful taking of property. It was uncontroverted that the highest and best use of the land was as commercial rather than residential property. The Court of Appeals correctly held that a refusal to rezone results in an unconstitutional taking only where it prevents any reasonable use of the land. However, there was sufficient evidence to support that conclusion in this case. The attorney for Associ-

ated read into the record of the Common Council meeting a letter from a real estate appraiser which stated as follows:

"Dear Mr. Eisele,

It is my opinion that after inspection and analysis of this property that the highest and best use for this land would be commercial or business uses for the East 53rd Street frontage and residential use for the north half of the land. Since this land is located in a rapidly expanding commercial area, the most desirable and logical use for the 53rd Street frontage would be commercial use of the type now along the street. Due to the common uses of the East 53rd Street frontage, the heavy traffic, the general lack of appeal for residential use, it is a well established fact that there is limited a number of families would prefer this kind of home location. Property value has been established by actual sales in recent years along 53rd Street. It is further established the obvious differences in market prices. Generally the commercial values have ranged fifteen times in sale prices over the prices paid for residential use."

We hold the evidence is sufficient to support the trial court's finding that the only reasonable use of this property was as commercial property and that the Common Council's refusal to rezone the land constituted an unconstitutional taking.

■ The City also asserts since Associated suffered a negative judgment in the Common Council, it could not challenge the sufficiency of the evidence in the subsequent judicial proceedings, but that it was limited to attacking the Council's decision as being contrary to law. In the first place, the trial court's findings of fact state that all of the facts favored Associated and that "defendant failed to present any evidence in opposition of probative value." Here, as found by the trial court, the evidence leads to but one conclusion and the Council's decision had reached an opposite conclusion. Thus, the decision of the Council was, in fact, contrary to law as found by the trial court. See *Dagley v. Incorporated Town of Fairview Park*, (1978) Ind.App., 371 N.E.2d 1338.

The record indicates the evidence was sufficient to support the determination of the trial court that the Common Council's denial of Associated's petition to rezone their property was an unconstitutional taking. Accordingly, we reverse the decision of the Court of Appeals and reinstate the decisions of the trial court.

PIVARNIK and PRENTICE, JJ., concur.

HUNTER, J., not participating.

DeBRULER, J., dissents, without opinion.