DPF, INC., an Indiana Corp.,
Appellant–Plaintiff,

v.

BOARD OF COMMISSIONERS FOR VANDERBURGH COUNTY,
Appellee–Defendant.

No. 82A05–9302–CV–62.

Court of Appeals of Indiana,
Fifth District.

Nov. 9, 1993.

Donald R. Wright, Keith M. Wallace, Wright, Evans & Daly, Evansville, for appellant-plaintiff.

Gary K. Price, Ziemer, Stayman, Weitzel & Shoulders, Evansville, for appellee-defendant.

RUCKER, Judge.

DPF, Inc. filed a direct action in the trial court against the Board of Commissioners for Vanderburgh County alleging the Board's refusal to rezone property owned by DPF amounted to an unconstitutional taking. The trial court disagreed and entered summary judgment in favor of the Board. DPF now appeals arguing the trial court erred in so doing. Because genuine issues of material fact exist, we reverse.

DPF purchased a 19.87–acre tract of land adjacent to Interstate Highway 164 in Vanderburgh County. The land is zoned as R–1 residential. At the time of purchase the property was encumbered by two huge borrow pits[1] dug for the construction of the nearby highway. The property is surrounded in all directions by single family residential developments. Subsequent to purchasing the land, DPF petitioned the Area Planning Commission for Vanderburgh County (Plan Commission) and the Vanderburgh County Board of Commissioners (Board) to rezone approximately twelve acres of the tract from R–1 to C–4,

---

1. A "borrow pit" is an excavated area where material has been dug for use as fill at another location. *Merriam–Webster's Collegiate Dictionary* 133 (10th ed. 1993). The record reveals that the borrow pits at issue here take up a large portion of DPF's property, have very steep sides, and have very little ground surrounding them. *Record* at 36–37. The pits are described generally as an eyesore and a nuisance. *Record* at 45.

commercial. DPF intended to construct a mini-storage unit facility on the land adjacent to the borrow pits. The Plan Commission recommended to the Board that the petition be denied. After a public hearing the Board agreed with the Plan Commission's recommendation and denied the petition by a unanimous vote.

DPF filed a direct action in Vanderburgh Superior Court alleging the Board's refusal to rezone amounted to a taking in violation of the Fifth Amendment to the United States Constitution and Article 1, sections 21 and 23 of the Indiana Constitution. The Board moved for summary judgment. After conducting a hearing, the trial court granted the Board's motion on the grounds that the Board was not involved in digging the borrow pits, purchasing dirt from the borrow pits, nor involved in the construction of the I–164 project. The court further noted that DPF purchased the property for the nominal sum of $750.00 with full knowledge of the existence of the borrow pits and full knowledge that the property was zoned as R–1 residential. Thus, concluded the trial court, the Board did nothing to interfere with DPF's interest in the property and no constitutional taking occurred when the Board denied DPF's rezoning petition.

■ In entering its order of summary judgment the trial court set forth detailed findings and conclusions. Specific findings and conclusions entered by a trial court when ruling on motions for summary judgment afford the appellant an opportunity to address the merits of the trial court's rationale. *Fort Wayne Patrolman's Benev. Ass'n v. City of Fort Wayne* (1980), Ind. App., 408 N.E.2d 1295, *reh'g denied*, 411 N.E.2d 630. The specific findings and conclusions also aid our review by providing us with a statement of reasons for the trial court's actions. However, they have no other effect. *Strutz v. McNagny* (1990), Ind.App., 558 N.E.2d 1103, *trans. denied.*

■ Rather than relying upon the trial court's findings and conclusions, we must base our decision upon the Rule 56(C) materials properly presented to the trial court. Our standard of review is the same as it was for the trial court: whether any genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *City of Columbus Bd. of Zoning Appeals v. Big Blue* (1992), Ind. App., 605 N.E.2d 188. Where material facts are in conflict or undisputed facts lead to conflicting inferences, summary judgment is inappropriate, even if the court believes the non-moving party will not succeed at trial. *Excel Indus., Inc. v. Signal Capital Corp.* (1991), Ind.App., 574 N.E.2d 946, *trans. denied.* The opponent of the motion for summary judgment bears the burden to show there is a genuine issue for trial. *Tucher v. Brothers Auto Salvage Yard* (1991), Ind.App., 564 N.E.2d 560, 563, *trans. denied.*

■ DPF contends the trial court erred in entering summary judgment in favor of the Board because genuine issues of material fact exist as to whether the current zoning classification precludes all reasonable uses for the property. Citing *Board of Comm'rs of Vanderburgh County v. Joeckel* (1980), Ind.App., 407 N.E.2d 274, *reh'g denied,* the Board counters that a "taking" involves the substantial interference with private property which destroys or impairs the owner's free use and enjoyment of the property or the owner's interest in the property. According to the Board, the undisputed facts show that neither it nor the Plan Commission has interfered with DPF's property and thus has not destroyed DPF's use and enjoyment of the property nor DPF's interest in the property. Thus, concludes the Board, the trial court properly entered summary judgment in its favor.

■ The problem with the Board's argument is that a constitutional taking is not strictly limited to governmental activity that physically interferes with private property. As this court observed in *Rodman v. City of Wabash* (1986), Ind.App., 497 N.E.2d 234, 241–42, *trans. denied* "[o]riginally, the concept of taking may have contemplated only actual appropriation, but it is clear today that non-acquisitive governmental action may amount to a taking in

the constitutional sense." Thus, governmental regulatory activity may amount to an unconstitutional taking even where no physical interference has occurred. *See e.g., City of Hammond v. Red Top Trucking Co.* (1980), Ind.App., 409 N.E.2d 655 *reh'g denied* (city ordinance banning excavation within three miles of a residential district held unconstitutional); *Indiana Toll Road Comm'n v. Jankovich* (1963), 244 Ind. 574, 193 N.E.2d 237, *cert. dismissed,* (1965), 379 U.S. 487, 85 S.Ct. 493, 13 L.Ed.2d 439 (city ordinance limiting the height of certain buildings and other structures held unconstitutional).

In like fashion a legislative body's refusal to rezone results in an unconstitutional taking where the refusal prevents all reasonable use of the land. *See Young v. City of Franklin* (1986), Ind., 494 N.E.2d 316, *reh'g denied; Vanderburgh County Bd. of Comm'rs v. Rittenhouse* (1991), Ind. App., 575 N.E.2d 663, *trans. denied; City of Evansville v. Reis Tire Sales, Inc.* (1975), 165 Ind.App. 638, 333 N.E.2d 800; *Metro. Bd. of Zoning Appeals v. Sheehan Constr. Co.* (1974), 160 Ind.App. 520, 313 N.E.2d 78. The question of reasonable use is fact sensitive and dependant on several factors including: whether the owner has distinct investment backed expectations, the economic impact of the regulation on the landowner in terms of the diminution in value of the land and, the extent of any interference with the present use of the land. *DNR v. Indiana Coal Council* (1989), Ind., 542 N.E.2d 1000, 1003, *cert. denied* (1990), 493 U.S. 1078, 110 S.Ct. 1130, 107 L.Ed.2d 1036.

In this case, in support of its motion for summary judgment, the Board designated the affidavit of James E. Nunning, Assistant Building Commissioner of Vanderburgh County, and minutes of the Plan Commission and Board meetings. The Nunning affidavit alleges, "... the R–1 zoning use was a reasonable and valid classification of the Real Estate prior to the borrow pits excavation." *Supp. Record* at 1. The minutes of the Plan Commission meeting indicate the property may be used for future borrow pits in compliance with the current zoning classification. *Record* at 36–39. The Board also suggests DPF's investment backed expectations are minimal because the land was purchased for only $750.00. *Record* at 38.

On the other hand, in opposition to the Board's motion for summary judgment, DPF designated the affidavit of William R. Bartlett, II, a certified general appraiser. The Bartlett affidavit alleges the disputed land cannot reasonably be used for any R–1 purpose, cannot reasonably be used for any "special use" allowed by the zoning ordinances, cannot reasonably be used under any R–2, R–3, R–4, R–5, CO–1, CO–2, C–1, or C–2 zoning classifications, and that the most reasonable use for the property is the mini-storage unit project proposed by DPF. *Record* at 192.

In reviewing the grant of summary judgment, the contents of all pleadings, affidavits, and testimony are liberally construed in the light most favorable to the non-moving party. *Ayres v. Indian Heights Volunteer Fire Dep't* (1986), Ind., 493 N.E.2d 1229, 1234. DPF has presented facts which conflict with the Board's allegation that the refusal to rezone does not prevent all reasonable use of the land. The conflicting facts must be resolved by a trier of fact. Summary disposition is inappropriate and therefore the judgment of the trial court must be reversed.

Judgment reversed.

BARTEAU and HOFFMAN, JJ., concur.