WALTER I. STANLEY ET AL. *v.* THE BOARD OF
ZONING APPEALS, JASPER COUNTY, ET AL.

[No. 371A40.   Filed June 19, 1972.]

*John R. Nesbitt, Nesbitt & Fisher,* of Rensselaer, for appellant.

*Robert Randle, Hopkins & Hopkins, Firman C. Thompson,* of Rensselaer, for appellee.

HOFFMAN, C.J.—Appellees have neglected to file an answer brief herein.  Therefore, if appellants have made a prima

facie showing of reversible error this court must reverse the judgment of the trial court. *Gibson et al.* v. *City of Indianapolis et al.* (1962), 242 Ind. 447, 449, 179 N. E. 2d 291; *DuFour* v. *DuFour* (1971), 149 Ind. App. 404, 273 N. E. 2d 102, 27 Ind. Dec. 20.

This appeal arises from the judgment of the trial court affirming the granting of a special exception by the Board of Zoning Appeals of Jasper County, Indiana. Such special exception was sought to enable certain land to be used for a public or commercial sanitary landfill.

The Zoning Ordinance of Jasper County, Indiana, as amended in 1964, provides, in pertinent part:

"D.  Upon such hearing, if the Board finds that:

1.  The establishment, maintenance, or operation of the Special Exception will not be detrimental to or endanger the public health, safety, morals, or general welfare;
2.  The Special Exception will not be injurious to the use and enjoyment of other property in the immediate vicinity for the purposes already permitted, nor substantially diminish and impair property value within the neighborhood;
3.  The establishment of the Special Exception will not impede the normal and orderly development and improvement of surrounding property for uses permitted in the District;
4.  Adequate utilities, access roads, drainage and other necessary facilities have been or are being provided;
5.  Adequate measures have been or will be taken to provide ingress or egress so designed as to minimize traffic congestion in the public streets;
6.  The Special Exception will be located in a District where such use is permitted and that all other requirements set forth in Figure 9, applicable to such Special Exception, will be met;

"The Board shall direct the Building Commissioner to issue an Improvement Location Permit for such Special Exception, otherwise the Board shall direct the Building Commissioner to reject the application. The findings of the Board and its order to the Building Commissioner shall be in writing."

Following a public hearing, the Board determined that the above requirements were satisfied. The Building Commissioner was authorized to issue an Improvement Location Permit, subject to certain stated conditions to be met by the applicant.

Pursuant to IC 1971, 18-7-5-87, Ind. Ann. Stat. § 53-783, *et seq.* (Burns 1964), the remonstrators-appellants filed their petition for a writ of certiorari to review the decision of the Board to the Jasper Circuit Court. Subsequently, the court issued the writ of certiorari, to which the Board thereafter certified its return. After reviewing the facts presented by the return to the writ of certiorari, the trial court entered its special findings of fact and conclusions of law affirming the decision of the Board, and entered judgment in favor of defendants-appellees. The motion to correct errors filed by the remonstrators was overruled by the trial court and this appeal was perfected.

On review, the decision of the Board will not be reversed unless there is a clear showing of abuse of discretion, or a lack of substantial evidence to support the Board's decision or an error of law in such decision. *Carlton et al.* v. *Bd. of Zoning Appeals* (1969), 252 Ind. 56, 65, 245 N. E. 2d 337, and cases cited therein.

One of the issues raised in the instant appeal is whether the Board's decision is based on sufficient evidence.

With regard to prerequisite D(3), hereinbefore set forth and as found in the zoning ordinance, the Board found as follows:

> " '3. The establishment of the Special Exception will not impede the normal and orderly development and improvement of surrounding property for uses permitted in the District.'

> "Merriman said that he could not see how the proposed fill would impede the normal and orderly development and improvement of surrounding property for uses permitted in the S-1 Suburban Residential District. In fact the disposal of garbage and rubbish is akin to the farming opera-

tions which exist and which are permitted in the district. Residential Uses and certain other Contingent and Conditional Uses which are also permitted in the S-1 Suburban Residential District would be substantially protected as set forth above (see reasons substantiating requirement 2) and accordingly the orderly development and improvement of surrounding property would not be impeded."

This finding patently amounts to little more than a speculative conclusion by one of the members of the Board of Zoning Appeals. There is no evidence in the record before us from which it can be inferred that the development of the surrounding property will be unimpeded. The record contains certain maps and photographs depicting the land in question. However, from these exhibits we may not speculate as to what developments may or may not be in store for the surrounding area.

The minutes of the Board indicate that the Board made a "personal inspection" of the site of the proposed landfill. Such inspection under appropriate circumstances, would seem a proper exercise of the Board's expertise. In the instant case, the results of the inspection were not recorded pursuant to IC 1971, 18-7-5-81, Ind. Ann. Stat. § 53-777 (Burns 1964), and, thus, cannot serve as an evidentiary basis for the Board's Finding No. 3. See: *Derloshon* v. *City of Fort Wayne, et al.* (1968), 250 Ind. 163, 234 N. E. 2d 269; *Monon Railroad* v. *Public Service Comm. of Ind.* (1960), 241 Ind. 142, 170 N. E. 2d 441; *Jeffsnvle. Redev. Com'n. et al.* v. *City of Jeffsnvle., etc. et al.* (1967), 248 Ind. 468, 229 N. E. 2d 825.

We have found no evidence, or reasonable inferences flowing from the evidence, to support the provision of D(3) of the zoning ordinance. Furthermore, other findings of the Board are not supported by sufficient evidence.

The judgment of the trial court is reversed and this cause

is remanded to the trial court for further proceedings not inconsistent with this opinion.

Sharp and Staton, JJ., concur.

NOTE.—Reported in 283 N. E. 2d 809.