Kenneth **WRIGHT, Charles Thrift and City of Huntington Board of Zoning Appeals, Appellants–Defendants,**

v.

Joseph S. **NORTHROP and Lynne V. Northrop, Appellees–Plaintiffs.**

No. 35A02–9303–CV–105.

Court of Appeals of Indiana, Second District.

Oct. 12, 1993.

Mark C. Guenin, Johnston Lehman and Guenin, Wabash, for appellants-defendants Kenneth Wright and Charles Thrift.

Richard Delaney, Gordon Benndal Branham McNeeley and Delaney, Huntington, for appellant-defendant City of Huntington Bd. of Zoning Appeals.

Joseph S. Northrop, Mills and Northrop, Huntington, for appellees-plaintiffs.

FRIEDLANDER, Judge.

### CASE SUMMARY

Appellants-defendants Kenneth Wright, Charles Thrift (Thrift) and The City of Huntington Board of Zoning Appeals [hereinafter collectively referred to as the Board] appeal the trial court's reversal of the Board's decision which granted Thrift's petition for a zoning variance to operate a barber shop at his residence.

We affirm.

### FACTS

Thrift and his wife were contract purchasers of a house and lot in Huntington which was in an area zoned residential. In March, 1991, Thrift filed an application before the Board for a use variance to allow a portion of his house to be used as a barbershop. The Northrops, who lived directly southwest of Thrift's property, sent a letter in opposition to the variance petition.

On April 1, 1991, a hearing was held before the Board where various people spoke concerning the variance. Each Board member made a rough draft of a "findings worksheet," and the Board prepared its findings on a printed form. These findings, which granted the petition, read as follows:

*"PETITION FOR VARIANCE TO ZONING ORDINANCE FINDINGS OF FACT*

Petitioner(s): *Charles Thrift* Case Number: *BZ–91–13*

Street Address of Property Concerned: *1522 N. Jefferson Street*

Description of Variance: *To permit the operation of a barber shop on a property zoned R–2 (Residential).*

The Board of Zoning Appeals shall approve or deny variances from the local zoning ordinance. A variance may be approved under IC 36–7–4–918.5 only upon determination in writing that the following facts are found:

1. The grant of the variance (will be ___/will not be x̲) injurious to the public health, safety, morals and general welfare of the community because: *There are existing businesses in the area.*

2. The use or value of the area adjacent to the property included in the variance (will ___/will not be x̲) affected in a substantially adverse manner because: *The grant of the variance will provide for maintenance of the structure to area standards.*

3. The need for the variance (arises x̲/does not arise ___) from some condition peculiar to the property, and such condition (is x̲/is not ___) due to the general conditions of the neighborhood because: *The property has been utilized as a barber shop and other business adventures in excess of 20 years and there are other businesses in the area, including on [sic] directly adjacent to the subject property.*

4. The strict application of the terms of the ordinance (will constitute x̲/will not constitute ___) an unusual and unneces-

sary hardship if applied to the property for which the variance is sought because: *The property is designed for use as a barber shop and has been utilized as a barber shop or other business adventures since 1967.*

5. The grant of the variance (does ___/ does not x) interfere substantially with the Huntington Comprehensive Plan because: *It is an existing established business.*

> City of Huntington Board of
> Zoning Appeals
> Signature of Board Member"

*Record* at 148.

On April 30, 1991, the Northrops filed a petition for certiorari to the trial court. A pretrial conference was held, and the parties agreed to submit to the court a supplement to the Board's record which included exhibits, the deposition of a witness, and a summary of other witness testimony. On August 20, 1992, the trial Court entered the following Order:

*"FINDINGS AND CONCLUSIONS REVERSING DECISION OF CITY OF HUNTINGTON BOARD OF ZONING APPEALS*

Having now examined the record of proceedings submitted herein and further having considered the arguments of counsel as submitted in briefing to the Court, the court now enters the following findings and conclusions of law reversing the grant of variance of the City of Huntington Board of Zoning Appeals:

1. This case is before the Court upon the verified Petition for Certiorari filed by the Plaintiffs, Northrop (hereinafter Northrops) and the Answer and record submitted by City of Huntington Board of Zoning Appeals (hereinafter BZA). The Plaintiffs Petition alleges several grounds in support of their Petition that the action of the BZA was unlawful or illegal. Much of Northrops' complaint stems from a claim of insufficient evidence to support the findings of the board on one or all of the findings required by Indiana Code 36–7–4–918.4.

2. Charles Thrift requested a variance to the land use regulations of the City of Huntington, Indiana to permit the operation of a barbershop on a property zone R–2 (residential). A meeting was held of the BZA on April 1, 1991, at which the request for a variance was discussed. The record of proceedings included the minutes of that meeting. Each of the members of the BZA, except for one member who disqualified himself from considering the petition, submitted findings of fact and the findings of fact were then later transcribed and made a part of the minutes of the BZA.

3. The function of this Court in reviewing the decision of the BZA is a narrow one, and is limited to determining whether the order of the BZA was made in accordance with proper legal procedure, was based upon substantial evidence, and did not violate any constitutional, statutory or legal principle. The Court is not to reweigh the evidence but is to examine the evidence in a light most favorable to the party who prevailed in the administrative proceeding, in an effort to determine whether there exists substantial and positive evidence which would support the finding and decision of the agency. The court is not to weigh conflicting evidence and may not judge the credibility of the witnesses who testified before the administrative agency. It is the agency's duty to make the findings, and Courts may only review them to determine whether the findings are supported by evidence in the record.

4. Having reviewed the record of the BZA and the supplemental record submitted by the BZA and Northrops, the Court is left with the firm and definite conviction that insufficient evidence is found in the record to support the findings made by the BZA. *A large part of the evidence presented and made a part of the minutes of the proceedings of the BZA consisted not of facts submitted to the BZA, but of the opinions and conclusions of the several members of the BZA regarding the property surrounding the Thrift residence. The factual*

underpinnings of these opinions and conclusions were not made a part of the record submitted to the Court, with the exception of the supplemental record submitted by the BZA.

It goes without saying that for there to be an adequate review by this Court or any other, the evidence relied upon by the fact finder must be presented and memorialized for the record, so that the reviewing Court can determine if the findings are supported by the evidence presented and made a part of the record. *The record submitted to the Court in the minutes of the BZA are almost totally devoid of any facts upon which a reviewing Court can measure the findings of the BZA.*

The Court further cannot rely on the supplemental record submitted, as it is impossible to know whether the supplemental record reflects the state of mind of the members and their knowledge at the time of the meeting of the BZA on April 1, 1991.

5. *Based upon the findings of the court that the record does not contain sufficient facts upon which to affirm the findings of the BZA, the decision of the BZA must now be reversed.* While the court is not unaware of the difficulties that this decision may cause, the Court is bound by its view of the record and must therefore enter its decision against the BZA.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that the Petition for Certiorari is now granted and the decision of the BZA to grant a variance to the Thrifts is now reversed.

*Record* at 367–68 (emphasis supplied).

## ISSUE

The Board appeals and presents the following issue for our review which we have rephrased as follows:

Did the trial court properly conclude that the Board's decision to grant Thrift a variance was not supported by sufficient evidence?

## DECISION

■ The Board's decision was not supported by the evidence presented at the variance hearing.

■ In reviewing the zoning board's decision to grant a variance, this court's function is to determine whether any substantial evidence of probative value was presented at the variance hearing to support the board's findings. *Fail v. LaPorte County Bd. of Zoning Appeals* (1976), 171 Ind.App. 192, 355 N.E.2d 455, *trans. denied; Metropolitan School Dist. of Washington Township v. Jansen* (1973), 158 Ind. App. 234, 302 N.E.2d 541. As this court observed in *Newman v. Spence* (1991), Ind. App., 565 N.E.2d 350:

"If it should appear that the evidence upon which the board of zoning appeals acted was devoid of probative value, that the quantum of legitimate evidence was so proportionately meager as to lead to a conviction the board's finding does not rest on a rational basis, ... the board's order will be set aside."

*Id.* at 353; *see also Warren. v. Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N.E.2d 399.

Before a zoning variance will be granted by the Board of Zoning Appeals, the petitioner must show all of the following:

"(1) the approval will not be injurious to the public health, safety, morals, and general welfare of the community;

(2) the use and value of the area adjacent to the property included in the variance will not be affected in a substantially adverse manner;

(3) the need for the variance arises from some condition peculiar to the property involved;

(4) the strict application of the terms of the zoning ordinance will constitute an unnecessary hardship if applied to the property for which the variance is sought; and

(5) the approval does not interfere substantially with the comprehensive plan adopted under the 500 series of this chapter."

Ind.Code 36–7–4–918.4 (the variance statute).

While the Board argues that its members "were performing the[ir] responsibilities as required and expected," *appellant's brief* at 12, the record is devoid of any evidence that must have been presented to support a finding that each requirement of the variance statute had been met. Rather, the only "evidence" that the trial judge had before him were worksheets completed by the Board members following the hearing, and a summary of the remarks that various individuals presented at the hearing. *Record* at 238–39. These summaries represented mere *conclusions* that the evidence demonstrated that the five requirements of the variance statute had been met.

The Board also argues that the record "discloses the substantial knowledge the individual board members have regarding the nature and character of the subject real estate." *Appellant's brief* at 10. This court has determined that the Board may not rely on unspoken and unpresented facts not contained in the record. *See e.g. Stanley v. Board of Zoning Appeals* (1972), 152 Ind.App. 418, 283 N.E.2d 809 (on-site inspection of a landfill was not relevant as an evidentiary basis of the Board's decision where results of the inspection were not recorded).

 The findings made by the Board amounted to little more than speculative conclusions by the members. There is no evidence in the record before us from which it can be inferred that Thrift met the requirements of the variance statute. We may not speculate as to the Board members' knowledge of the property when the source of that knowledge was not contained in the record. *See Stanley, supra.*

Because we have found no evidence or reasonable inferences flowing therefrom which would support the Board's findings, it is our conclusion that the trial court acted properly in reversing the Board's decision which granted Thrift a zoning variance.

Judgment affirmed.

SHARPNACK, C.J., concurs.

SULLIVAN, J., concurs with separate opinion.

SULLIVAN, Judge, concurring.

In *Allen v. Board of Zoning Appeals* (1992) 2d Dist. Ind.App., 594 N.E.2d 480, 483, relied upon by Appellants here, the court held that a fair report or "a reasonably accurate summary" of the testimony or facts presented to the Board is sufficient to permit meaningful appellate review. Neither a verbatim transcript of the evidence nor a detailed recitation of the evidence is necessary. In this regard I do not read the majority opinion to be intended as an implied reversal of *Allen, supra.* Nevertheless, this case should serve as an admonition to various municipal boards to make a record sufficiently inclusive so as to support it's determination and to permit meaningful judicial review.

Here, the minutes of the Board (Record at 238–239) appear to contain a summary of actual evidence, i.e., statements of facts by persons at the hearing. Additionally, the record contains a deposition from the Executive Director of the City Planning Department which includes testimony concerning the use of properties in the surrounding area. Record at 274 *et seq.* The record also contains pictures of the various surrounding properties.

For this reason, I am unable to agree with the majority's view that the findings and minutes amount to "speculative conclusions". Op. at 1146. From this evidence, the Board could have properly found that one or more of the statutory requirements had been met. The Board might have reasonably concluded: (1) The grant of the variance would not be injurious to the public health, safety, morals and general welfare of the community; and (2) The use or value of the area adjacent to the property included in the variance would not be adversely affected.

The record, however, contains no evidence which support Findings 3 and 4. For

this reason I concur in the affirmance of the trial court's determination.