BOARD OF ZONING APPEALS ET AL. *v.* KOEHLER.

[No. 30,262. Filed November 22, 1963.]

*Basil H. Lorch, Jr.,* and *Lorch & Lorch,* of New Albany, for appellants.

*Robert R. Kelso, Robert A. Kelso* and *Kelso & Kelso,* of New Albany, for appellee.

MYERS, C. J.—This was an action brought by appellee, Mary Koehler, against appellants, in the Floyd Circuit Court of Indiana, on a petition for a writ of certiorari as an appeal from a decision of the Board of Zoning Appeals of the City of New Albany, Indiana. The Building Commissioner of that city had denied appellee an "Improvement Location Permit" so as to allow her to erect a Shopping Center on certain real estate owned by her. She appealed his ruling to the Board of Zoning Appeals which recommended that the matter be transferred to the Planning and Zoning Commission of the city. From this disposition, she followed the statutory

procedures to present the matter to the Floyd Circuit Court by writ of certiorari. Trial was had to the court and judgment was rendered upon special findings of fact and conclusions of law in favor of appellee and reversing the Board of Zoning Appeals. The court determined that she was entitled to have an Improvement Location Permit issued to her. The cause was remanded to the Board of Zoning Appeals for proceedings in conformity with the judgment.

A motion for new trial was filed, asserting that the decision of the court was not sustained by sufficient evidence and was contrary to law. It was also alleged that the court erred in its conclusions of law. The motion was overruled and this appeal followed.

The reason the appeal comes to this court is because a question was raised and duly presented that the pertinent city ordinance herein violates the Constitutions of Indiana and of the United States as it affects appellee's real estate. It is provided by statute that appeals involving constitutional questions shall come directly to this court. Section 4-214, Burns' Ind. Stat., 1946 Replacement.

The trial court's special findings of fact and conclusions of law, omitting the caption and formal parts, are as follows:

## "FINDINGS OF FACT

"*No. 1.* That on the 3rd day of April, 1961, Mary Koehler was the owner of the real estate in the City of New Albany, Floyd County, Indiana, described as follows, to-wit:

"Lot numbered 20 in plat numbered eighty-four (84) with appurtenances, being the same property set off to Elizabeth Turner by the order of the Common Pleas Court of Floyd County, Indiana, in the case of John S. Davis, Administrator of the estate of Henry Turner, deceased, vs. Henry C.

Turner et al, as the same appears of record in Minute Book B. page 591, of the record of said Court, under date of January 14, 1858.

"*No. 2.* That on the 3rd day of April, 1961, Mary Koehler filed with H. Lloyd Rogers, City Building Commissioner of the City of New Albany, Indiana, an application for an Improvement Location Permit for the purpose of permitting the erection of a Shopping Center on her said real estate.

"*No. 3.* That said application for an Improvement Location Permit with accompanying documents complied with all the requirements of Section 21 of the Zoning Ordinance 2-58-41 of the City of New Albany, except that the real estate was zoned R-2 Residence.

"*No. 4.* That on April 3, 1961, H. Lloyd Rogers, City Building Commissioner of the City of New Albany, Indiana, denied Mary Koehler's application for an Improvement Location Permit for the reason that the real estate described in the Site Plan submitted with her application was zoned under Zoning Ordinance No. 2-58-41 of the City of New Albany as R-2 residence, and that no shopping center could be built thereon.

"*No. 5.* That on April 3, 1961, Mary Koehler filed with the Board of Zoning Appeals of the City of New Albany, Indiana, her appeal from the action of the City Building Commissioner in denying her application for an Improvement Location Permit and paid the proper fees for such appeal.

"*No. 6.* That on May 2, 1961, a hearing was had and evidence adduced before said Board of Zoning Appeals on such written appeal from the action of the City Building Commissioner in denying such permit.

"*No. 7.* That at said hearing the defendants, Mrs. Walter Lincoln, whose true name is Mildred Clark Lincoln, Mrs. F. M. Wrege, whose true name is Stuart Wrege, Mrs. M. L. Anderson, whose true name is Jane Anderson, and John A. Cody appeared in opposition to petitioner's appeal.

"*No. 8.* That another hearing was had and evidence adduced before said Board of Zoning Appeals in said matter on July 18, 1961.

"*No. 9.* That at such hearing on July 18, 1961, the following decision was entered by the Board of Zoning Appeals of the City of New Albany:

"Attorney for the Board advised the Board that it had no power to grant request made by the petitioner for a shopping center in an area zoned other than C-3, and that such action would constitute spot zoning, and asked the Board to refer the matter to the Plan Commission for its study and action in rezoning or denying the zoning of the area involved to permit shopping centers. On motion made by Mr. Zimmerman, seconded by Mr. Stewart, it unanimously adopted the suggestion of attorney for the Commission.

"*No. 10.* That on August 1, 1961, petitioner filed in this Court her petition for a Writ of Certiorari, praying for a reversal of the decision of said Board of Zoning Appeals.

"*No. 11.* That the Zoning Boards of the City of New Albany have never approved the erection of a shopping center in said city.

"*No. 12.* That the four stars on the official zoning map of the City of New Albany are located in inaccessible areas on the outskirts of said city, away from populous districts.

"*No. 13.* That petitioner's real estate is located in a large and growing commercial section of the City of New Albany but is zoned R-2 residence.

"*No. 14.* That the erection of a shopping center on petitioner's real estate would not be detrimental to the public health, comfort, safety and welfare of the community.

"*No. 15.* That the erection of a shopping center on petitioner's real estate would produce no undue traffic hazards."

## "CONCLUSIONS OF LAW

"1. The law is with the petitioner.

"2. Those sections of the Zoning Ordinance No. 2-58-41 relating to the zoning of petitioner's land as residential and prescribing certain restrictions

as to the construction of shopping centers, including but not limited to Sections 6, 16, 19 and 21 of said Zoning Ordinance, are violative of Sections 21 and 23 of Article I of the Constitution of the State of Indiana, and of the Fifth and Fourteenth Amendments to the Constitution of the United States of America, and, consequently, unconstitutional, void and of no force and effect as applied to petitioner's real estate.

"3. That petitioner is entitled to have an Improvement Location Permit issued to her by the City Building Commissioner of the City of New Albany to erect a shopping center on said real estate."

Appellants contend that the decision is contrary to law because of lack of evidence to support the special findings, and that therefore the conclusions of law are erroneous.

The statutes of this state provide for the creation of City, Town and County Plan Commissions, for the purpose, *inter alia,* of planning for the future development of their communities. Section 53-701 *et seq.,* Burns' Ind. Stat., 1951 Replacement. The City of New Albany had such a Plan Commission established by city ordinance. Pursuant to statutory authority (§53-732, Burns'), it had prepared a Master Plan and had formulated a policy for the issuance of Improvement Location Permits within the jurisdiction of the Commission and in conformance with the Master Plan. Section 53-754, Burns'. It is provided by statute that:

"Within the corporate limits of a city, a structure shall not be located and an improvement location permit for a structure on platted or unplatted lands shall not be issued unless the structure and its location conform to the master plan and ordinance." Section 53-753 Burns'.

The Zoning Ordinance of the City of New Albany defines an Improvement Location Permit as a "permit

stating that the proposed erection, construction, enlargement or moving of a building or structure referred to therein complies with the provisions of the master plan." Article Two, Section 5, Ordinance No. 41, 1958. Section 16 of this Ordinance sets out Shopping Center District Requirements and Procedures. It provides as follows:

"A. The tract of land involved shall be of an area of not less than five acres and lie wholly or partly within 1,400 feet of a point represented by a 'C-3' District symbol on the Zone Map.

"B. The owner or owners of such tract of land shall have:

(1) Prepared a plat for a subdivision of the entire tract.

(2) Prepared a development plan for such entire tract.

(3) Obtained Commission approval of both the plat for the subdivision and the development plan according to the requirements of the subdivision control ordinance."

Section 19 of the Ordinance provides as follows:

"B. Procedure. Upon the receipt of an application for a Conditional Use by the Board, it shall be referred to the Commission for investigation as to the manner in which the proposed location and character of the Conditional Use will affect the Master Plan. The Commission shall report the results of its study of the proposal to the Board and, if the report is favorable to the proposal, the Board, may, after public notice and hearing according to law, grant the permit, including the imposition of conditions of use, which the Board deems essential to insure that the Conditional Use is consistent with the spirit, purpose and intent of this ordinance will not substantially and permanently injure the appropriate use of neighboring property, and will substantially serve the public convenience and welfare."

The ordinance further provides for certain guideposts to be observed by the Commission in determining its approval or disapproval of a proposed Development Plan of Shopping Centers which pertain to location, arrangement, size and use of buildings and grounds. Section 19, C. (2).

The C-3 District Symbol referred to was a star placed on the official Zoning Map of the city. There were four of them spotted at different locations and they related only to Shopping Centers which were permitted in the area represented by the stars according to the Master Plan.

Appellee, on April 3, 1961, filed with the City Building Commissioner of New Albany her written application for an Improvement Location Permit to erect a Shopping Center on real estate owned by her. There was a legal or site description, a plan showing the location, size, width and length of buildings and entrances, together with adjacent roads and highways as required by the ordinance. The City Building Commissioner denied the application on the day it was filed, saying that no Shopping Center could be built on the property because it was zoned for residential purposes only. Appellee took an appeal to the Board of Zoning Appeals, claiming that the ordinance was unconstitutional as it applied to her real estate. The Board treated her appeal as a request for a variance to permit the construction of a Shopping Center.

At the hearing on May 2, 1961, appellee presented evidence to support her contention that the Zoning Ordinance was unconstitutional. The hearing was then continued until a later date. The following day, the Mayor of New Albany issued a statement which was published in newspapers circulated throughout the city and made an exhibit in the trial of this case in the Circuit

Court. This statement was to the effect that Shopping Centers in New Albany would have a deleterious effect on downtown business and depreciate business property. It is appellee's contention that this statement influenced the Zoning Board to take the action on July 18, 1961, referring the matter to the Plan Commission.

The record reveals that appellee's property is a tract of about twenty acres located on State Road 150 in the City of New Albany with access on the east side on a street known as Green Valley Road. State Road 150 and Green Valley Road intersect. From this intersection to where State Road 150 crosses a street known as Daisy Lane, there is a distance of approximately 3,275 feet. Appellee's property fronts on State Road 150 for 950 of these feet. Along this section of State Road 150 were located many commercial establishments, including a laundry, laundromat, gasoline service station, two motels, a theater, grocery store, branch bank, bowling alley, and an abandoned tavern. Evidence was presented that appellee's property was worth about $65,000 for residential subdividing, but was worth $208,000 as a site for a Shopping Center; that Shopping Centers enhance the value of surrounding property; that fire insurance rates on Shopping Centers were lower than on downtown commercial establishments; that the stars on the official Zoning Map indicating available areas for Shopping Centers were placed in parts of the city which were wooded, hilly or industrial and far from prospective customers, and in places where construction costs would be prohibitive.

Appellants argue that appellee failed to exhaust her administrative remedy before seeking judicial review. They insist that she should have presented her plan to the City Plan Commission for investigation as required by ordinance. However, appellee

in this case has asserted that the Zoning Ordinance is unconstitutional as it applies to her property. She properly presented this question to the Board of Zoning Appeals. She did not request a variance, but asked for a ruling on the constitutionality of the Zoning Ordinance, claiming her right to an Improvement Location Permit. She did not have to proceed further upon an adverse ruling by the Board. *Board of Zoning App. etc.* v. *La Dow et al.* (1958), 238 Ind. 673, 679, 153 N. E. 2d 599, 602. In that case we said as follows:

"Although appellees concede they did not attempt to seek a variance as provided for under §4 of the above act, it is difficult to see why the appeal to the board from the denial by the building commissioner of appellees' application for a building permit is not authorized by §1 above which provides for appeals to the board and review of 'any order, . . . decision or determination made by an administrative official or board charged with the enforcement of any ordinance or regulation' adopted pursuant to the zoning act.

"The denial of appellees' application for a building permit was certainly an 'order, . . . decision or determination . . . by an administrative official . . . charged with . . . enforcement' under the zoning act.

"It cannot, therefore, be seriously contended that appellees' failure to seek a variance before the Board of Zoning Appeals deprived the board or the court below, on appeal therefrom, of jurisdiction of this particular case. Instead, the procedure taken by appellees in appealing to the board from the denial by the building commissioner of their application for a building permit is contemplated and authorized by the zoning statute involved."

Appellee does not charge in her petition for writ of certiorari that the Zoning Ordinance is void in its

entirety, but only that it is unconstitutional as it affects her property under the existing circumstances. She claims that it is a taking of property without due process in violation of the Fourteenth and Fifth Amendments to the Constitution of the United States and Sections 21 and 23 of Article 1 of the Constitution of Indiana. This question may be brought up by a petition for a variance, *Town of Homecroft et al.* v. *Macbeth* (1958), 238 Ind. 57, 148 N. E. 2d 563, or by a petition asserting unconstitutionality. *Board of Zoning App., etc.* v. *La Dow et al., supra.* It must be presented to the Board of Zoning Appeals first, and this was done in the case at bar. No other administrative remedy is necessary to present the question to the trial court. We hold that the trial court had jurisdiction to hear and determine these proceedings.

Zoning ordinances must find support for their validity in the police power of the state, and this can only be exercised in the general public interest of safety, health and morals. *Board of Zoning Appeals* v. *Schulte, etc.* (1961), 241 Ind. 339, 348, 172 N. E. 2d 39, 43. In that case this court said:

> "It was never intended that zoning laws should be used for the purpose of creating special privileges or private rights in property which result from creating an exclusive community."

Where property rights are invaded by zoning regulations which do not promote the public health, safety, morals or welfare, within the authorized police power of the state, such invasion of property rights comes within the ban of the Fourteenth Amendment to the United States Constitution and cannot be sustained. *Nectow* v. *Cambridge* (1928), 277 U. S. 183, 48 S. Ct. 447, 72 L. Ed. 842. A legislative

body cannot arbitrarily interfere with private business or impose unnecessary restrictions on lawful occupations under the guise of protecting public interests. *Dept. of Financial Institutions* v. *Holt, etc.* (1952), 231 Ind. 293, 108 N. E. 2d 629.

There was evidence from which the court could have determined that a Shopping Center constructed on appellee's land would not adversely affect the public health, comfort, morals, safety or welfare of the City of New Albany, and that its location was the best place in Floyd County, considering all circumstances, for such a Center. There was sufficient evidence from which the trial court could have based its findings and conclusions of law. The ordinance in question is unconstitutional as applied to appellee's property, and the judgment of the trial court is sustained by sufficient evidence and is not contrary to law.

Judgment affirmed.

Achor, Arterburn, Jackson and Landis, JJ., concur.

NOTE.—Reported in 194 N. E. 2d 49.