PLEASURELAND MUSEUM, INC., d/b/a Pleasureland Museum of Amusements, Inc., and Davidson Construction Company, Inc., Defendant/Appellant,

v.

James E. DAILEY, as Executive Secretary of the Kokomo City Plan Commission, Plaintiff/Appellee.

No. 2–1079A302.

Court of Appeals of Indiana, Fourth District.

July 2, 1981.

Rehearing Denied July 22, 1981.

Richard Kammen, McClure, McClure & Kammen, Indianapolis, for defendant/appellant.

Wallace T. Gray, Kokomo, for plaintiff/appellee.

SULLIVAN, Judge (participating by designation).

This is an appeal by Pleasureland Museum, Inc. (Pleasureland) and Davidson Construction Company, Inc. (DCC)[1] from the summary judgment granting of a permanent injunction enjoining Pleasureland from continued operation of its adult book-

1. DCC owns the building in which Pleasureland's store is located.

store in noncompliance with § 11 of Kokomo City Zoning Ordinance Number 4153.

James E. Dailey, on behalf of the City Plan Commission, brought the action against Pleasureland seeking to enjoin it from conducting business until it had acquired a certificate of occupancy in compliance with the zoning ordinance. At the time the suit was filed, Pleasureland had not applied for a certificate of occupancy because it asserted that the ordinance did not require it to do so.

The parties stipulated that the real estate involved is within the territorial jurisdiction of the Kokomo City Plan Commission and is subject to the provisions of the city's zoning ordinances, that the prior occupant of the real estate was a carpet store and that its successor was Pleasureland's adult bookstore.

The trial court held that the zoning ordinance required Pleasureland to have a certificate of occupancy before it could conduct business and issued a permanent injunction. The sole issue presented for review is whether the converting of a carpet store to an adult bookstore constituted a "change of use" under the ordinance, requiring Pleasureland to obtain a "certificate of occupancy."

We reverse.

Section 11 of the Kokomo zoning ordinance requires the issuance of a Certificate of Occupancy when, inter alia, there is a "Change in use of an existing building." Section 20 of the ordinance defines the term "use" as "the employment or occupation of a building, structure or land for a person's service, benefit or enjoyment."

■ The term "use," as employed in the context of zoning, is a word of art denoting "the purpose for which the building is designed, arranged or intended, or for which it is occupied or maintained." Yokley, *Zoning Law and Practice* § 2–1 at 16 (1978). Both zoning in general and "uses" in particular focus on how a building or parcel of land is utilized, not upon who receives the benefit from that utilization. *Id.* at § 2–2, pp. 20–21.

■ The basic concept of zoning consists of grouping uses deemed to be compatible into groups so as to better control the development of land. As stated by one commentator, zoning

"is a determination of what uses and structures it is necessary and desirable to provide for within the community and which are compatible with each other, combining the compatible uses into a district, and giving space and appropriate territory to each class of use." Rathkopf, *The Law of Zoning and Planning* § 16–2 (1980); *see also* Yokley, *supra*, at 19.

Municipalities are given wide latitude in establishing the parameters of a "use," and in grouping uses according to their compatibility. *See Jacobs v. Mishawaka Board of Zoning Appeals* (3d Dist. 1979) Ind.App., 395 N.E.2d 834, 838. *See also Board of Zoning Appeals v. Koehler* (1963) 244 Ind. 504, 194 N.E.2d 49 (zoning ordinances exercise of state's police power to protect public safety, health and morals).

The uses deemed to be compatible are grouped in section 1 of the ordinance, which lists ten use districts for the City of Kokomo. District B 1 (Retail Business) permits the following uses:

"a. All uses permitted under R4—Residential District.

b. Such uses as are limited, in the main, to individual exchange of merchandise, goods, money, property, entertainment, service, fees, information or counselling on the premises.

1. *Stores and shops*, hotels and motels.

2. Banks, offices, theatres, restaurants and similar services.

3. Railway, taxi and bus passenger station.

4. Public utility offices.

5. Garages and service stations.

6. Billboards and advertising signs.

7. Vehicle parking lots for temporary storage.

8. Newsprint, job printing, printing supplies, radio studios.

9. Open air automobile and trailer sales lots."

(Emphasis supplied.)

The ordinary rules of statutory construction are to be applied in construing municipal ordinances. *Woerner v. City of Indianapolis* (1961) 242 Ind. 253, 177 N.E.2d 34; *Carpenter v. Whitley County Plan Commission* (3d Dist. 1977) Ind.App., 367 N.E.2d 1156. Thus viewed, it appears that the phrase "stores and shops" set forth in B 1(1)(b)(1) establishes a single use within the context of the ordinance. The words are connected with the conjunctive "and," and are set apart from the other items in the subsection by a comma. *See also* § 7(b)(16) (off-street parking requirements). Although the parties have not so stipulated, a carpet store and an adult bookstore are obviously both members of the category "stores and shops." Under the terms of the ordinance, therefore, there was not a "change of use" requiring a certificate of occupancy when Pleasureland opened its business.[2] The trial court's ruling to the contrary was error.

Reversed and remanded with instructions to enter judgment for defendants.

YOUNG, P. J., concurs.

CHIPMAN, J., dissents and files separate opinion.

CHIPMAN, Judge, dissenting.

I dissent.

I agree with the majority that the ordinary rules of statutory construction are to be applied when construing municipal ordinances, *Woerner, supra*, but we also must interpret the ordinance as it is written,

*Board of Zoning Appeals of Elkhart County v. New Testament Bible Church*, (1980) Ind. App., 411 N.E.2d 681, and the words not defined in the ordinance must be taken in their plain, ordinary and usual sense. *Metropolitan Board of Zoning Appeals of Marion County v. Shell Oil Company*, (1979) Ind.App., 395 N.E.2d 1283.

If the ordinance defines use as "the employment or occupation of a building . . . for a person's service, benefit or enjoyment" then a change of use must be a change in the employment or occupation of a building for a person's benefit. In this case the building was formerly employed or occupied by a carpet store and later was employed or occupied by an adult book store. This is obviously a change in the employment or occupation of the building.

The majority seems to emphasize that the change involved here is from one type of store to another type of store which relieved Pleasureland from having to request a certificate of occupancy. I disagree with this reasoning. Apparently the majority is interpreting the ordinance to say a change of use is a change in the *use classification* of the occupation or employment of a building for a person's benefit. This added requirement does not appear in the ordinance and by interpreting the ordinance this way the majority has not abided by the rules of statutory construction listed above and it has disregarded the purpose of the certificate of occupancy requirement.

Under § 11 of the zoning ordinance, "A certificate of occupancy to be issued by the Executive Secretary shall be required for any of the following . . .

.     .     .     .     .

2. Change in use of an existing building.

.     .     .     .     .

---

2. The implied reason for requiring a certificate of occupancy is to ensure that the proposed use complies with the other provisions of the zoning ordinance. While this is a worthy aim, the validity of an occupant registration system as a condition precedent to doing business is questionable. Our disposition makes it unnecessary to address the potential restraint on alienation and prior restraint questions which may arise from such a scheme.

No such occupancy, use or change of use, shall take place until a certificate of occupancy therefore shall have been issued.

. . . . .

Written application for a certificate of occupancy for the use of vacant land, or for a change in the use of land or of a building, or for change in a non-conforming use, as herein provided, shall be made to the Executive Secretary.

If the proposed use is in conformity with the provisions of this Ordinance, the certificate of occupancy therefore shall be issued within three days after the application for the same has been made. Each certificate of occupancy shall state that the building or proposed use of a building or land complies with all provisions of this ordinance...."

As implied by § 11, the purpose of requiring a certificate of occupancy is to ensure the proposed use is in conformance with all the provisions of the zoning ordinance. In addition to complying with the conforming use [1] requirement of the various Use Districts, stores and other uses must also com-

ply with the parking provisions [2] and lot size and coverage provisions contained in the ordinance.

In essence then, the certificate of occupancy requirement serves as a monitoring function to ensure that a change in use is not only a conforming use, but also that it complies with the ordinance's parking provisions and lot size and coverage provisions.

In footnote 2 of its opinion, the majority questions the validity of this function of the certificate of occupancy. While I agree it is of questionable validity, that issue has not properly been raised before us and we therefore must apply the ordinance as it is drafted.

I would affirm the judgment of the trial court.

---

1. A "conforming use" is defined in § 7(e) as "one which is in accordance with the specified 'uses permitted.' "

2. Section 7 covers off street parking requirements with an objective of "providing safety to the public through the elimination of conges-

tion of the public streets." Section 7(d) notes that § 7 applies to a change of use. This section lists different parking space requirements for various business and non-business uses including airports, banks, stores, hospitals, stadiums, motels, junk yards, etc.