**EVANSVILLE OUTDOOR ADVERTISING, INC.,**
**Appellant–Plaintiff,**

v.

**BOARD OF ZONING APPEALS OF EVANSVILLE AND VANDERBURGH COUNTY, Appellee–Defendant.**

No. 82A01–0105–CV–177.

Court of Appeals of Indiana.

Oct. 10, 2001.

Rehearing denied Dec. 13, 2001.

Leslie C. Shively, Shively & Associates, Evansville, IN, Attorney for Appellant.

D. Timothy Born, Shawn M. Sullivan, Terrell, Baugh, Salmon & Born, LLP, Evansville, IN, Attorneys for Appellee.

## OPINION

ROBB, Judge.

Evansville Outdoor Advertising, Inc. ("Evansville Outdoor") appeals the trial court's order affirming the decision of the

Board of Zoning Appeals of Evansville and Vanderburgh County (the "BZA") that two improvement location permits were null and void. We affirm.[1]

### Issues

Evansville Outdoor raises the following consolidated and restated issues for our review:

1. Whether the "use" of the property was timely established;

2. Whether the procurement of the building permit extends the time period for the validity of the improvement location permit;

3. Whether substantial evidence supports the BZA's findings of fact that Improvement Location Permit No. 991417 and Improvement Location Permit No. 991418 were null and void; and

4. Whether the decision of the BZA is "arbitrary and capricious."

### Facts and Procedural History

Evansville Outdoor is an Indiana corporation principally involved in the construction, leasing, and operation of commercial billboards. The Area Plan Commission of Evansville–Vanderburgh County ("APC") is the local entity vested with the authority via the Vanderburgh County Zoning Code ("VCZC") to issue improvement location permits. According to the local zoning code, "[n]o building or other structure shall be erected, moved, relocated, added to, or structurally altered; nor shall any building, structure or land be established or changed in use without first obtaining an improvement location permit from the [APC]." VCZC § 17.36.020(B)(1).

In 1989, Evansville Outdoor obtained improvement location permits from the APC for the purpose of erecting two commercial billboards at 2801 and 2901 North Green River Road, Evansville, Vanderburgh County, Indiana. In 1998, APC issued Evansville Outdoor additional improvement location permits for the purpose of changing the dimensions of the two off-premise signs. On May 20, 1999, the Executive Director of the APC promulgated a new policy that placed a condition precedent on issuance of improvement location permits. According to the APC's new policy, an existing off-premise sign had to be removed from a site before the APC could issue a new improvement location permit to place a new sign on that site.[2] Shortly thereafter, the

---

1. We note that when this appeal was initiated, Evansville Outdoor's attorney, Leslie C. Shively, was associated with the law firm of Fine & Hatfield. On September 19, 2001, Fine & Hatfield filed a motion with this court seeking to withdraw its appearance because Mr. Shively had left the firm and started his own practice, Shively & Associates. Therefore, the law firm of Shively & Associates is now the firm on record and currently recognized as the representation for Evansville Outdoor in this appeal.

2. The APC's new policy provides that:
 1. When application is made for an off-premise sign, the date and time will be noted by staff on the application. At this time, the advertising faces of any existing structure within 300 feet of the proposed new sign must be completely removed from within 300 feet of the proposed new sign. In addition to the requirement to certify the location of any existing off-premise signs within 600 feet, the existing off-premise sign to be removed should be included on the site plan with a footnote stating that the sign is to be removed.
 2. The standard review process by staff will proceed. After inner-office paperwork is complete, an inspection will be conducted of the site proposed for the new sign.
 3. After inspection, if there is no off-premise advertising display faces within 300 feet, and all other code requirements are satisfied except for the existence of an advertising display pole or supporting structure, a letter of approval will be faxed and mailed to the sign company making application. This letter will state that the application is approved and the approval will remain val-

APC advised Evansville Outdoor of their new policy.

Because Evansville Outdoor again intended to change the dimensions of the two signs, the company removed them from the sites in order to obtain the needed improvement location permits from the APC. On June 22, 1999, Evansville Outdoor obtained from APC Improvement Location Permit No. 991417 and Improvement Location Permit No. 991418. Each improvement location permit authorized the placement of a billboard with a fourteen (14) foot by forty-eight (48) foot v-shaped display. On December 16, 1999, Evansville Outdoor obtained the necessary building permits from the Vanderburgh County Building Department to construct the two off-premises signs at 2801 and 2901 North Green River Road.

On January 27, 2000, staff of the APC inspected the two sites where the off-premises signs were to be erected. The inspection revealed that Evansville Outdoor had not commenced construction of the two billboards. On February 7, 2000, the APC notified Evansville Outdoor that pursuant to VCZC section 17.36.020, Improvement Location Permit No. 991417 and Improvement Location Permit No. 991418 were null and void. The APC is vested with authority by the VCZC to revoke and void location improvement permits. The zoning code provides in pertinent part:

C. Improvement Location Permits–Revocation and Voiding.

1. An improvement location permit may be revoked after at least ten (10) days written notice, if the conditions of the zoning code requirements and/or the conditions of the permit are not met.

2. An improvement location permit is void if construction has not been started or the use has not been established within six months of the date of the issuance. (Prior code § 153.156).

VCZC § 17.36.020(C)(1)–(2). The subject improvement location permits explicitly inform Evansville Outdoor of such, providing that:

Pursuant to the provisions of the Zoning Ordinance, by virtue of the authority vested in the [APC] by said Ordinance, an Improvement Location Permit is hereby granted; subject to cancellation on failure to abide by any of the conditions listed below.

This permit will expire six (6) months after the date granted hereof unless a building permit is obtained and construction is started within this period.

Appellee's Appendix at 12, 13.

On February 2, 2000, Evansville Outdoor informed APC via mail that the two improvement location permits were valid

---

id for a period of five business days, during which time the pole and/or remaining outdoor advertising structure must be removed.

4. Within the five-day temporary approval period, the sign company must affect the removal of the remaining structural elements. When the structure has been removed, it is the responsibility of the sign company to notify [the APC] so that a follow-up inspection may be conducted to allow granting of the permit for the new sign.

5. After the fifth day, if [the APC] has not been notified, staff will re-inspect the site.

If the pole and/or other supporting structural elements remain on the site, a letter will be faxed and mailed to the sign company stating that the permit application has been denied. If the site has been cleared of the remaining structure, the sign company may pick up their permit within the time limits stated on the application. The permit shall serve as the final approval. We encourage you to obtain your permit immediately following final inspection.

Appellants Appendix at 33.

as result of the two building permits it had procured to construct the off-premise signs. Five days later, the APC informed Evansville Outdoor via mail that the existence of the building permits was insufficient to prevent the nullity of the two improvement location permits pursuant to VCZC section 17.36.020(C)(2), and that the two permits were in fact null and void. Thereafter, Evansville Outdoor began construction of the off-premise sign at 2801 North Green River Road despite the APC's assertion that Improvement Location Permit No. 991417 was null and void as was Improvement Location Permit No. 991418. On September 1, 2000, the APC via mail informed Evansville Outdoor that it must cease construction of the off-premise sign at 2801 North Green River Road. On September 11, 2000, Evansville Outdoor via mail advised the APC that it viewed the two improvement location permits as valid and would not cease construction.[3]

On October 5, 2000, Evansville Outdoor filed with the BZA its Verified Application for Appeal of the decision of the APC. The BZA is the entity authorized by Indiana Code section 34–7–4–901 and VCZC section 17.36.080 to hear and determine appeals from decisions or determinations of the APC. The matter was heard by the BZA at its regularly scheduled meeting on November 16, 2000. At the conclusion of the meeting, the BZA voted six to zero to uphold the decision of the APC that the

two improvement location permits were null and void. Thereafter, the BZA entered written findings of fact[4] which provide in pertinent part:

1. This matter came on to be heard by the [BZA] at its November public meeting for consideration of an appeal from a decision of the staff of the [APC] revoking a certain Improvement Location Permit 991418 permitting the erection of an off-premises advertising display at 2901 North Green River Road, Evansville, Indiana.

2. BZA is the body authorized by statute and ordinance to hear and determine appeals from a decision of APC staff revoking an Improvement Location Permit.

3. On or about June 22, 1999, the APC issued to [Evansville Outdoor] a certain Improvement Location Permit 991418 for construction of an off premise advertising display at 2901 North Green River Road, Evansville, Indiana. The Improvement Location Permit authorized the erection of a sign with a 14' by 48' V shaped display. The Improvement Location Permit conspicuously states on its face that, "this permit will expire six (6) months after the date granted hereof unless a building permit is obtained and construction is started within this period."

4. As of June 22, 1999, there was no off-premise advertising display located

---

3. It appears from the record that on September 26, 2000, the APC initiated suit against Evansville Outdoor in the Vanderburgh Superior Court seeking to enjoin the sign company from further construction and to obtain the removal of the off-premise sign at 2801 North Green River Road. The record is unclear regarding the status of this lawsuit.

4. Evansville Outdoor commenced two different administrative appeals that were assigned two different docket numbers. Evansville Outdoor's appeal of the permit revocation at

2901 North Green River Road was assigned Docket Number 2000–82–BZA, and the appeal of the permit revocation at 2801 North Green River Road was assigned Docket Number 2000–83–BZA. The trial court's written findings of fact with regard to the two appeals are substantially similar. Therefore, for the sake of brevity we have only included the BZA's written findings of fact with regard to Evansville Outdoor's appeal under Docket Number 2000–82–BZA.

on the premises at 2901 North Green River Road, Evansville, Indiana, which at that time was a vacant field.

5. On January 27, 2000, a member of the APC staff inspected the premises at 2901 North Green River Road. The APC staff member's inspection of the site did not reveal the existence of any off premise advertising display, nor did it otherwise reveal that construction or erection of the off premises advertising display permitted at 2901 North Green River Road, Evansville, Indiana, had commenced.

6. On January 27, 2000, the APC staff member notified [Evansville Outdoor] that Improvement Location Permit No. 991418 was void and subject to revocation because construction or erection of the off-premises display permitted by Improvement Location Permit No. 991418 had not commenced within the required six month time period. The correspondence sent to [Evansville Outdoor] advised that if it was in possession of information from which it could be established that construction had commenced within the six month time period, [Evansville Outdoor] was free to present to the APC staff such information within ten business days.

7. On February 2, 2000, the APC staff received correspondence from [Evansville Outdoor's] attorney who advised that it had obtained a building permit, and that Improvement Location Permit No. 991418 was not void.

8. On February 7, 2000, APC's Executive Director wrote to [Evansville Outdoor's] counsel, and advised the Improvement Location Permit No. 991418 was being revoked and voided pursuant to Zoning Code Section 17.36.02(C)(1) and (2).

9. On September 1, 2000, APC staff received a complaint that sign contractors had arrived at the site and were commencing construction of an off premises advertising display.

10. On September 1, 2000, APC staff mailed to Evansville Outdoor, its attorney, and the owner of the site advising that Improvement Location Permit No. 991418 had been earlier revoked and that no construction should be attempted without obtaining a new improvement location permit.

11. Notwithstanding the Executive Director's correspondence dated September 1, 2000, an inspection of the site on September 20, 2000, revealed that an off-premises advertising display was completed and in use on the site.

12. As of January 27, 2000, construction of the improvements permitted by Improvement Location Permit No. 991418 had not commenced. Further, no use of the premises for the purposes of outdoor advertising had been established within the six (6) month period.

13. The Executive Director correctly and lawfully revoked Improvement Location Permit No. 991418 in accordance with Zoning Code § 17.36.020(C)(2).

Appellee's Appendix at 177–78.

On December 15, 2000, Evansville Outdoor filed a petition for writ of certiorari with the Vanderburgh Superior Court seeking judicial review of the BZA's decision. Following an evidentiary hearing, the trial court entered findings of fact and conclusions on April 11, 2001, wherein it affirmed the decision of the BZA, concluding:

4. Pursuant to Zoning Code § 17.36.020(C), an improvement location permit authorizing erection of a billboard is null and void where construction of a billboard is not commenced or its use otherwise established within six (6) months after issuance of the improvement location permit. . . .

5. In the instant case, the BZA found that [Evansville Outdoor] failed to commence construction or otherwise establish use of the billboards permitted by the Improvement Location Permits within six (6) months after issuance of the Improvement Location Permits, and its finding is supported by substantial evidence in the record. While [Evansville Outdoor] points to other evidence in the record supporting its contention that it had placed anchor bolts in the ground or otherwise commenced construction, this Court, "must review the record of the proceedings in the light most favorable to the administrative proceeding and cannot reweigh the evidence...."

6. Thus, in accordance with Zoning Code § 17.36.020(C), as well as the conditions conspicuously stated on the face of the Improvement Location Permits, the BZA did not err when it concluded that the Improvement Location Permits were void and subject to revocation six (6) months after their issuance.

7. Because the BZA's decision is supported by substantial evidence in the administrative record, and is neither arbitrary, capricious, or in violation of constitutional, statutory, or legal principles, its decision should be affirmed in all respects.

Appellant's Appendix at 8–9. This appeal ensued.

### Discussion and Decision

#### I. Standard of Review

When an aggrieved party seeks relief in a trial court from an adverse administrative determination and attacks the evidentiary support for the agency's findings, he bears the burden of demonstrating that the agency's conclusions are "clearly erroneous." *Town of Beverly Shores v. Bagnall*, 590 N.E.2d 1059, 1061 (Ind.1992). A reviewing court may vacate a board or commission's decision only if the evidence, when viewed as a whole, demonstrates that the conclusions reached by it are clearly erroneous. *Id.* Such a standard naturally requires great deference toward the administrative board by the reviewing court when the petition challenges findings of fact or the application of the facts to the law. *Id.* However, if the allegation is that the commission committed an error of law, no such deference is afforded and reversal by the trial court is appropriate if error of law is demonstrated. *Id.*

In reviewing the decision of a zoning board, we are bound by the same standard of review as the trial court. *Hendricks County Bd. v. Barlow*, 656 N.E.2d 481, 483 (Ind.Ct.App.1995). A court reviewing a decision of an administrative agency is limited to determining whether the agency's decision was based upon substantial evidence. *Indiana Dep't of Natural Res. v. United Refuse Co.*, 615 N.E.2d 100, 103 (Ind.1993). The trial proceeding is not intended to be a trial de novo, but rather the court simply analyzes the record as a whole to determine whether the administrative findings are supported by substantial evidence. *Id.* Courts that review administrative determinations, at both the trial and appellate level, are prohibited from reweighing the evidence or judging the credibility of witnesses and must accept the facts as found by the administrative body. *Peabody Coal Co. v. Indiana Dep't of Natural Res.*, 629 N.E.2d 925, 928 (Ind.Ct.App.1994). The Board's decision should not be reversed unless it is arbitrary, capricious, or an abuse of discretion. *Maxey v. Board of Zoning Appeals*, 480 N.E.2d 589, 592 (Ind. Ct.App.1985), *trans. denied.*

#### II. Establishment of the "Use"

Evansville Outdoor first contends that the two improvement location permits

are valid because it established the "use" of the property within the six (6) month period proscribed by VCZC section 17.36.02(C)(2). We disagree.

 Evansville Outdoor asserts that the "use" was established in 1989 when the first off-premise signs were erected on the subject properties; and that the "use" would have continued uninterrupted but for the recent policy enacted by the APC requiring removal of an existing sign before the new application for a improvement location permit would be processed. The term "use," as employed in the context of zoning, is generally described as a word of art denoting the purpose for which a parcel of land or building is utilized. *See Pleasureland Museum, Inc. v. Dailey,* 422 N.E.2d 754, 755 (Ind.Ct.App.1981). "Both zoning in general and 'uses' in particular focus on how a building or parcel of land is utilized, not upon who receives the benefit from that use." *Id.*

According to the APC's new policy, an existing off-premise sign must be removed prior to the issuance of new improvement location permit to erect a new sign. *See* Appellant's Appendix at 33. Based upon the APC's new policy, it would seem illogical to conclude that the prior "use" of the property is sufficient to establish "use" within the meaning of VCZC section 17.3602(C)(2) and avoid the nullity of an improvement location permit. The new policy intentionally breaks the continuous "use" of property when new improvement location permits are sought by a sign company to alter, change, or replace an existing off-premise sign. Essentially, a sign company must "begin from scratch" when seeking an improvement location permit to erect a new billboard where a previous sign existed. Therefore, we hold that Evansville Outdoor failed to establish the "use" of the subject properties within the

time period proscribed in VCZC section 17.3602(C)(2).

### III. Building Permit

 Evansville Outdoor also contends that the procurement of a building permit extends the time period for the validity of an improvement location permit. We disagree.

Evansville Outdoor argues that the procurement of the building permits to construct the off-premise signs at 2801 and 2901 North Green River Road extended the six (6) month period contained in VCZC section 17.3602(C)(2), and thus, the two subject improvement location permits are valid. In support of its argument, Evansville Outdoor directs our attention to a section of the Vanderburgh County Building Code (the "VCBC"), that provides that:

> Permits issued under this chapter will expire one year from the date of issuance unless a written request is submitted by the applicant and approved by the Building Commission.

VCBC § 15.08.040(b).

 When construing an ordinance, we apply the rules applicable to statutory construction. *City of Hobart Sewage Works v. McCullough,* 656 N.E.2d 1185, 1188 (Ind.Ct.App.1995), *trans. denied.* We are not bound by the trial court's interpretation of a statute, but rather must make an independent legal determination as to the meaning and its application to the instant facts. *Olejniczak v. Town of Kouts,* 651 N.E.2d 1197, 1199 (Ind.Ct.App.1995), *trans. denied.* Our primary task is to determine and give effect to the intent of the drafters. *Hendricks County Bank & Trust Co. v. Guthrie Bldg. Materials, Inc.,* 663 N.E.2d 1180, 1183 (Ind.Ct.App.1996), *trans. denied.* Words are to be given their plain, ordinary, and usual meaning unless a contrary purpose is clearly shown

by the statute itself. *Department of Pub. Welfare, State of Indiana v. Couch*, 605 N.E.2d 165, 167 (Ind.1992). In determining legislative intent, the language of the statute itself must be examined, including the grammatical structure of the clause or sentence at issue. *Knox County Rural Elec. Membership Corp. v. PSI Energy, Inc.*, 663 N.E.2d 182, 189 (Ind.Ct.App. 1996), *trans. denied.*

■ The legislative body of a municipality is vested with authority via Indiana Code section 36–7–4–601 to create a local zoning code to regulate how real property is developed, maintained, and used in the local jurisdictions. Zoning ordinances are enacted for the purpose of promoting the health, safety, morals, or general welfare of a community by regulating the use and development of land. The very essence of zoning is the territorial division of land into use districts according to the character of land and buildings, the suitability of land and buildings for particular uses, and uniformity of use.

Accordingly, a municipality may enact ordinances that require obtaining an improvement location permit prior to the erection of an off-premise sign on private land, especially considering that many members of the general public view such means of advertisement as an "eyesore," and a detriment to property values. The purpose behind the procurement of an improvement location permit prior to the alteration, erection, or repair of a structure on platted or unplatted land is to ensure compliance with the local jurisdiction's zoning code. *See, e.g., Metropolitan Bd. of Zoning Appeals of Marion County v. Shell Oil*, 182 Ind.App. 604, 395 N.E.2d 1283, 1284 (1979); *see also* Ind.Code § 36–4–7–801. Thus, an improvement location permit is tied to the VCZC and is a tool by which the APC monitors and controls the placement of billboards and signs in Vanderburgh County.

■ In Indiana, the legislative body of a municipality may enact building codes to impose and enforce regulations governing structures and appurtenances upon privately owned property to protect the general health, welfare, and safety of all its citizens. The Vanderburgh County Department of Buildings has been granted the powers and duties set forth in Indiana Code section 37–7–8–3. The VCBC is applicable to the construction, alteration, equipment, use, occupancy, location, and maintenance of buildings, structures, and appurtenances that are on land or over water in the unincorporated areas of Vanderburgh County. *See* Ind.Code § 37–7–8–3(b)(1). The purpose behind the procurement of a building permit is to ensure compliance with the local jurisdiction's building code. A building permit generally pertains to the construction of the physical structure or appurtenant on the zoned land. Thus, a building permit is a means by which the Vanderburgh County Department of Buildings may prevent conditions harmful to the general public and promote the common good by controlling the physical makeup and structure of a billboard or off-premise sign.

We do not agree with Evansville Outdoor that the procurement of a building permit extends the time limit contained in VCZC section 17.36020(C)(2). Improvement location permits and building permits serve different purposes, are byproducts of different statutory provisions, and are issued and governed by different municipal entities. Therefore, the enforcement of VCZC section 17.36020(C)(2) does not render VCBC section 15.08.040(b) meaningless. The two ordinances merely contain different expiration periods for each respective type of permit. Accordingly, the time period by which Evansville Outdoor

was required to begin construction or establish the "use" of the two off-premise signs was six (6) months from the date of the issuance of the two improvement location permits. The procurement of the building permits did not extend the time period for the validity of the two improvement location permits by six (6) additional months.

## IV. Substantial Evidence of Inactivity

■ Evansville Outdoor next contends that the BZA's findings of fact that Improvement Location Permit No. 991417 and Improvement Location Permit No. 991418 were null and void was not supported by substantial evidence and was clearly erroneous. We disagree.

There was substantial evidence to support the BZA's findings that the APC properly voided the two improvement location permits. The local zoning code explicitly provides that an improvement location permit is void if construction has not been started or the "use" has not been established within six (6) months of the date of issuance. VCZC § 17.36.020(C). Improvement Location Permit No. 991417 and Improvement Location Permit No. 991418 were issued by APC to Evansville Outdoor on June 22, 1999. The record indicates that on January 27, 2000, Laura Lamb, Administrator of the APC, inspected the two sites, which inspection revealed that construction of the off-premise signs had not commenced. Photographic evidence contained in the record reveals that the two sites were vacant fields more than six (6) months after the two permits were issued by the APC to Evansville Outdoor. See Appellee's Appendix at 14, 15.

Accordingly, we hold that substantial evidence supports the BZA's findings that the APC properly determined that Improvement Location Permit No. 991417 and Improvement Location Permit No. 991418 were null and void.

## V. "Arbitrary and Capricious"

■ Evansville Outdoor also contends that the BZA's decision is "arbitrary and capricious." We disagree.

■ A rule or decision will be found to be arbitrary and capricious "only where it is willful and unreasonable, without consideration and in disregard of the facts or circumstances in the case, or without some basis which would lead a reasonable and honest person to the same conclusion." *Department of Natural Res. v. Indiana Coal Council, Inc.,* 542 N.E.2d 1000, 1007 (Ind.1989), *cert. denied,* 493 U.S. 1078, 110 S.Ct. 1130, 107 L.Ed.2d 1036 (1990). The BZA merely enforced a valid ordinance of the VCZC when it affirmed the APC's decision to void Improvement Location Permit No. 991417 and Improvement Location Permit No. 991418. There is nothing in the record to support Evansville Outdoor's contention that the BZA's decision was without consideration or in disregard of the facts and circumstances in the case. To the contrary, we have found that there is substantial evidence to support the BZA's findings of fact that Evansville Outdoor did not start construction or establish the "use" within six (6) months of the issuance of the improvement location permits as required by VCZC section 17.36.020(C)(2). The APC clearly acted within its discretion in voiding the two improvement location permits granted to Evansville Outdoor to erect off-premise signs at 2801 and 2901 North Green River Road. Therefore, we do not believe that the decision of the BZA was "arbitrary or capricious."

## Conclusion

Based on the foregoing, we hold that Evansville Outdoor failed to establish the "use" within the six (6) month time period described by VCZC section

17.36.020(C)(2). We further hold that the procurement of the building permits did not extend the validity of the improvement location permits by six (6) months. In addition, we hold that the BZA's findings of fact were supported by substantial evidence and the BZA's decision that the two improvement location permits were null and void was not "arbitrary or capricious." Accordingly, the trial court properly affirmed the decision of the BZA.

Affirmed.

BAKER, J., and FRIEDLANDER, J., concur.