**EVANSVILLE OUTDOOR ADVERTISING, INC., Appellant–Plaintiff,**

v.

**PRINCETON (CITY) PLAN COMMISSION, and The Princeton City Council, Appellees–Defendants.**

No. 26A05–0506–CV–306.

Court of Appeals of Indiana.

June 19, 2006.

Leslie C. Shively, Shively & Associates, Evansville, IN, Attorney for Appellant.

Jerry D. Stilwell, Bamberger Foreman Oswald and .Hahn, LLP, Princeton, IN, Attorney for Appellees.

## OPINION ON REHEARING

BARNES, Judge.

The Princeton Plan Commission ("the Commission") petitions for rehearing following our memorandum decision in *Evansville Outdoor Advertising, Inc. v. Princeton Plan Commission, et al.*, 26A05–0506–CV–306, 845 N.E.2d 268 (Ind. Ct.App. March 10, 2006). The Commission argues and EOA concurs that Section 6.29 of the Princeton Code ("the Code") does not apply to this case, and therefore the trial court had subject matter jurisdiction over a complaint for declaratory judgment filed by Evansville Outdoor Advertising ("EOA"). Based on the specific language of our 2002 memorandum decision concerning the same proposed billboard, we grant the Commission's petition for rehearing, vacate our original opinion, and affirm the trial court's judgment in favor of the Commission.

To summarize, EOA sought to construct a billboard in Princeton. On April 8, 1999, after receiving approval from the Indiana Department of Transportation ("INDOT"), EOA filed an application for a conditional use permit for the billboard. The application was eventually referred to the Princeton Board of Zoning Appeals ("the BZA") and was denied. EOA filed a complaint for declaratory judgment, and the trial court ordered the Commission to issue a conditional use permit based on the specification of EOA's application to INDOT.

That order was appealed, and we first determined whether a complaint for declaratory judgment was the proper avenue for relief. *See Building Comm'r of City of Princeton, et al., v. Evansville Outdoor Advertising*, 26A01–0202–CV–61, 774 N.E.2d 118 (Ind. Ct.App. Aug 27, 2002). We concluded that EOA properly filed a writ for declaratory judgment instead of appealing the BZA's denial of the

conditional use permit. We necessarily addressed whether an improperly promulgated 1991 ordinance or an identical ordinance properly promulgated on May 24, 1999, governed. In addressing the applicability of the two ordinances, we stated:

> Here it is uncontroverted that 1991–3, the ordinance upon which the Commissioner relied in instructing [EOA] to obtain a conditional use permit instead of building permit, was determined to be improperly promulgated after the Commissioner gave the advice to [EOA] but prior to the BZA's decision to deny [EOA's] conditional use application. Princeton adopted 1999–8 to remedy the defect. 1999–8 itself indicates that it is effective after passage, approval, and publication. Consequently, the trial court was correct in concluding that the newly adopted ordinance did not apply to [EOA's] application.
>
> Therefore, under the specific facts of this case, it was reasonable for the Commission to rely upon the validity of 1991–3 when informing Advertiser regarding what permit to pursue.

*Id.* slip op. at 7–8.

We also concluded that the trial court improperly required the issuance of a conditional use permit based on the specifications set forth in EOA's application to INDOT. In determining the proper remedy we observed:

> While [EOA] is correct that § 5.37 of Princeton's zoning ordinance, provides that all freestanding billboards shall be fifteen feet or more from any public right-of-way, *see* Appellee's App. 1, we have concluded that *neither billboard ordinances [sic] applies to this specific fact situation.* Therefore, the issue of the appropriate setback remains unresolved. *Under the general ordinances regulating business districts, Princeton's Code § 6.19(A)(5), provides that setbacks shall be determined by the Plan Commission and should be individually checked in order to determine the most appropriate setback.*

*Id.* slip op. at 13 (emphases added). We ordered EOA "to submit a building permit application to Commissioner, which application Commissioner shall accept and forward to the Plan Commission for a determination of the appropriate setback for that location." *Id.*

To complicate matters, on July 1, 2002, while the first appeal was pending, Section 6.29 of the Code, which specifically governs signs and billboards, was adopted. Also while the appeal was pending, EOA constructed a 682 square foot billboard at a setback of fifteen feet without permission. After our 2002 decision was handed down, EOA filed an application for a building permit for the already existing billboard.

On April 16, 2003, the Commission held a hearing to determine the appropriate setback and eventually decided that the billboard should be set back at least sixty-five feet. EOA then filed another complaint for declaratory judgment with the trial court, which the trial court denied.

▇ EOA appealed. On appeal, the parties did not address the applicability of Section 6.29. Nonetheless, based on Section 6.29(F)(3) of the Code, which describes requests for the issuance of signs not permitted by this section as variances, and Section 11.33, which empowers the BZA to make the final determination regarding a variance, we sua sponte held that because the BZA had not made the final setback determination, EOA failed to exhaust its administrative remedies. We concluded that this failure to exhaust administrative remedies deprived the trial court of subject matter jurisdiction. The Commission now petitions for rehearing on

the basis that according to our 2002 decision, only Section 6.19(A)(5) of the Code applies in this case.

Our 2002 decision does not address the applicability of Section 6.29 because this section was enacted while the appeal was pending. However, we conclude that as the parties proceeded on remand they were relying on the specific language of our decision in which we appeared to indicate that neither the 1991 nor the 1999 ordinances would apply and we referred to 6.19(A)(5). Based on this language, we agree that the parties were within reason to proceed under 6.19(A)(5), that Section 6.29 does not apply here, that the trial court had subject matter jurisdiction, and that we should address the merits of EOA's appeal.

### I. Development Standards

■ EOA first appears to argue that the Commission was without jurisdiction because Section 6.19(A)(5) [1] is not a legally enforceable development standard. Section 6.19(A)(5) provides:

> Setbacks shall be determined by the plan commission. Each site should be individually checked to determine what the most appropriate setback should be. Landscaping, ease of access, light and air and costs should all be taken into account. Adjacent uses should also be considered so as not to locate a noisy use next to a quiet one or some similar misfortune.

App. p. 73.

EOA's argument is based on Indiana Code Section 36-7-4-601, which provides in part:

(c) When it adopts a zoning ordinance, the legislative body shall act for the purposes of:

(1) securing adequate light, air, convenience of access, and safety from fire, flood, and other danger;

(2) lessening or avoiding congestion in public ways;

(3) promoting the public health, safety, comfort, morals, convenience, and general welfare; and

(4) otherwise accomplishing the purposes of this chapter.

This statute also provides specific factors that may be regulated by the legislative body in controlling how property is developed, maintained, and used. Ind.Code § 36-7-4-601(d)(2). EOA contends that no standards for the determination of setbacks are set forth in the Code.

■ "It is well-settled that zoning ordinances must be precise, definite and certain in expression so as to enable both the landowner and municipality to act with assurance and authority regarding local land use decisions." *T.W. Thom Const., Inc. v. City of Jeffersonville*, 721 N.E.2d 319, 327 (Ind.Ct.App.1999). "This requirement is dictated by due process considerations in that the ordinance must provide fair warning as to what the governing body will consider in making a decision." *Id.*

In support of this argument, EOA cites to *Metropolitan Board of Zoning Appeals of Marion County v. Shell Oil Co.*, 182 Ind.App. 604, 605, 395 N.E.2d 1283, 1284 (1979), in which Shell filed an application for an improvement location permit to erect two canopies over two gasoline pump islands in the front yard of the property.

---

1. EOA refers to Section 6.19 generally. However, because this case involves the determination of a setback, we need not determine whether the other provisions of Section 6.19, which address lot size, parking requirements, and restrictions for permitted uses, are sufficiently specific. We will only address Section 6.19(A)(5), which specifically addresses setbacks.

The application was denied, and Shell appealed. *Id.* On appeal, we observed that the relevant ordinance was without restriction or description of the nature and/or size of canopies permitted in the front yards of that zoning classification. *Id.* at 608, 395 N.E.2d at 1286. We concluded:

> the only definitive requirement of the zoning ordinance, that is, that canopies may be built in the required front yards of gasoline service stations, was met. By reason of the adoption of this standard without a further guide in the Ordinance relating to size limitations, the Department and the Board were without the discretionary power to withhold a permit on the basis of size.

*Id.* at 609, 395 N.E.2d at 1286.

Unlike in *Shell*, Section 6.19(A)(5) provides the Commission with certain specific considerations when determining setbacks. These factors include landscaping, ease of access, light, air, costs, and adjacent uses. These factors also provide fair warning as to what the Commission will consider in making its decision. *See T.W. Thom Const.*, 721 N.E.2d at 327. Without more, EOA has not established Section 6.19(A)(5) lacked a legally enforceable development standard so as to deprive the Commission of jurisdiction to determine an appropriate setback.

## II. Substantial Evidence

■■■ EOA next argues that the Commission's decision was not supported by substantial evidence. "A court reviewing a decision of an administrative agency is limited to determining whether the agency's decision was based upon substantial evidence." *Evansville Outdoor Advertising, Inc. v. Board of Zoning Appeals of Evansville and Vanderburgh County*, 757 N.E.2d 151, 158 (Ind.Ct.App.2001), *trans. denied* (2002). "Courts that review administrative determinations, at both the trial and appellate level, are prohibited from reweighing the evidence or judging the credibility of witnesses and must accept the facts as found by the administrative body." *Id.*

At the Commission hearing, Mel Justak, who owned a neighboring McDonald's, testified that the location of EOA's billboard impaired his sign's visibility and readability and that "his directional billboards aren't as effective now." App. p. 147. He testified in great detail that EOA's billboard reduced the visibility of his sign from all directions and that it had reduced the effectiveness of his advertising. This landowner also testified that moving the billboard back by one-half of its width would restore the view to his signage and that moving it back by a total width of the advertising panels would help minimize visual congestion in the area and enhance the readability of all the signage in the area.

EOA contends that this testimony was not supported by exhibits or photographs and that the photographs it offered to the Commission showed that the billboard did not interfere with the neighboring landowner's signage. However, Justak offered specific testimony regarding the distances at which EOA's billboard interfered with his sign that had been there since 1975. We will not reweigh this evidence nor require that Justak's testimonial evidence be supported by photographic evidence. EOA has not established that the Commission's decision was not supported by substantial evidence.

■■■ Further, to the extent that EOA contends that the Commission's decision was arbitrary and capricious because it is not related to the public health, safety, morals, or the general welfare of the community, we disagree. "A rule or decision will be found to be arbitrary and capricious 'only where it is willful and unreasonable,

without consideration and in disregard of the facts or circumstances in the case, or without some basis which would lead a reasonable and honest person to the same conclusion.'" *Evansville Outdoor Advertising*, 757 N.E.2d at 161 (citation omitted). Based on the Commission's "findings and conclusions," it is clear that the newly constructed sign blocked the existing McDonald's sign. App. p. 160. The Commission's decision to protect the visibility of an existing business's sign lessens or avoids congestion on public ways, a valid purpose under Indiana Code Section 36–7–4–601(2). EOA simply has not established that the Commission's determination of the appropriate setback was unreasonable, without consideration of the facts, or without some basis that would lead a reasonable person to the same conclusion.

### III. Constitutional Claims

 EOA also argues that it was "denied equal protection under the law" and that the Commission's decision "constitutes a taking."[2] Appellant's Br. pp. 11, 14. In its complaint, EOA relied on specific provisions of the Indiana Constitution. On appeal, the basis for EOA's claims appears to be the United States Constitution. Moreover, EOA has failed to develop these arguments with appropriate legal analysis and citation to the appendix. Indiana Appellate Rule 46(A)(8) requires arguments to "contain the contentions of the appellate on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix. . . ." It is well settled that we will not consider an assertion on appeal that does not include cogent argument supported by authority and references to the record as

required by the rules. *Shepherd v. Truex*, 819 N.E.2d 457, 463 (Ind.Ct.App.2004). "If we were to address such arguments, we would be forced to abdicate our role as an impartial tribunal and would instead become an advocate for one of the parties. This, clearly, we cannot do." *Id.* The conclusory arguments in EOA's appellate and reply briefs are insufficient to support adequate appellate review and are waived.

Because of our references to Section 6.19 in our 2002 decision, we grant the Commission's petition for rehearing and vacate our original petition. As to the merits of EOA's claims, EOA has not established that the trial court improperly denied its complaint for declaratory action. Thus, we affirm the trial court's decision.

SHARPNACK, J., and RILEY, J., concur.

**2.** In its reply brief, EOA argues, "The issue as to whether a taking has occurred, however, may be premature and certainly [EOA] would concede that it would not be entitled to pursue a takings claim should the determination of the setback be reversed by this court." Appellant's Reply Br. p. 6.